# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

Jose-Nicolas Osbaldo

_Plaintiff/Petitioner(s)_

v.

Nathan J. Berry
Hughes, Robert E
Hart, Jason N
Richard Harrington
_Defendant/Respondent(s)_
Linda Carter          Kimberly Butler
S. Hill          Marvin Bochantin

Case Number: **15-964-SPG**

(Clerk's Office will provide)

☑ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)

☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☐ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act,
28 U.S.C. §§1346, 2671-2680, or other law

## I. JURISDICTION

Plaintiff: Jose-Nicolas, Osbaldo

SCANNED AT MENARD and E-mailed
8-28-15   by   JC   71   pages
date       initials   No.

A.   Plaintiff's mailing address, register number, and present place of confinement: Menard Correctional Center, P.O. Box 1000, Menard, IL 62259
ID #R-72183, M.C.C., 711 Kaskaskia Street
Menard, IL 62259-0711

Defendant #1:

B.   Defendant ___Nathan J. Berry___ is employed as
         (a)   (Name of First Defendant)

___guard___
         (b)   (Position/Title)

with ___IDOC MCC, 711 Kaskaskia Street, Menard, IL 62259-0711___
         (c)   (Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If your answer is YES, briefly explain:
IDOC MCC as prison guard

(Rev. 7/2010)

Page 1 of 45

Defendant #2:

C.   Defendant _Hughes, Robert E_ is employed as
(Name of Second Defendant)

_Lieutenant_
(Position/Title)

with _IDOC MCC 711 KasKasKia Street, Menard, IL 62259-0711_
(Employer's Name and Address)

At the time the claim(s) alleged in this complaint arose, was Defendant #2
employed by the state, local, or federal government?   ☑ Yes   ☐ No

If you answer is YES, briefly explain:

I.D.O.C. M.C.C. as Lieutenant and part of the
Adjustment Committee

**Additional Defendant(s) (if any):**

D.   Using the outline set forth above, identify any additional Defendant(s).

Defendant #3

D.   Defendant _Hart, Jason N_ is employed as
(Name of third Defendant)

_Sargeant_
(Position/Title)

with _IDOC MCC 711 KasKasKia Street, Menard, IL 62259-0711_
Employer's Name and address

At the time the claim(s) alleged in this complaint arose, was Defendant #3
employed by the state, local, or federal government?   ☑ Yes   ☐ No

If you answer is Yes, briefly explain:
I.D.O.C. M.C.C. hi was a sargeant, and Adjustment
Committee investigator.

Page 2 of 45

(Rev. 7/2010)

Defendant #4:

E. Defendant _Richard Harrington_ is employed as
(a) [Name of fourth Defendant]

_M.C.C.  WARDEN_
Position/Title

with _I.D.O.C. M.C.C. 711 KasKaskia Street, Menard, IL 62259-0711_
(Employer's Name and address)

At the time claim(s) alleged this complaint arose, was Defendant #4
employed by the state, local, or federal Government? ☑YES  ☐ No

If you answer is YES, briefly explain:

I.D.O.C. M.C.C. hi was a Warden


Defendant #5:

F. Defendant _Linda Carter_ is employed as
(Name of fifth defendant)

_Grievance officer_
(Position/Title)

with _I.D.O.C. M.C.C. 711 KasKaskia Street, Menard, IL 62259-0711_
Employer's name and Address

At the time the claim(s) alleged this complaint arose, was
Defendant #5 employed by state, Local, or federal government?
☑ YES  ☐ No

If your answer is YES, briefly explain:
I.D.O.C. M.C.C. she was a Grievance officer.


Page 3 of 45

Defendant #6

E. Defendant ___S. Hill___ is employed as
(Name of sixth defendant)

___M.C.C.   Counselor___
(Position/Title)

with ___I.D.O.C. M.C.C. 711 Koskaskia Street, Menard, IL 62259-0711___
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was
Defendant #6 employed by State, Local, or federal government?

☑ YES   ☐ No

If your answer is YES, briefly explain:

I.D.O.C MCC she was a Counselor

Defendant #7

H. D. Defendant ___Kimberly Butler___ is employed as
(Name of seventh defendant)

___M.C.C. WARDEN___
(Position / Title)

with ___IDOC - MCC, 711 Koskaskia Street, Menard, IL 62259-0711___
(Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was
Defendant #7 employed by State, Local, or federal government?

☑ YES   ☐ No

If your answer is YES briefly explain:

I.D.O.C. M.C.C. Shi's a Warden

Page 4 of 45

Defendant #8

I. Defendant __Marvin Rochantin__ is employed as
          (Name of eighth defendant)

        __M.C.C  Grievance Officer__
            (Position/Title)

with __I.D.O.C. M.C.C. 711 KasKasKia Street, Menard IL 62259-0711__
              (Employer's name and Address)

At the time the claim(s) alleged this complaint arose, was
Defendant #8 employed by State, Local, or Federal government?

☑ YES   ☐ No

If you answer is YES briefly explain:
I.D.O.C. M.C.C. was a Grievance Officer.

II.   PREVIOUS LAWSUITS

A.   Have you begun any other lawsuits in state or federal court relating to
     your imprisonment?                              ☐ Yes   ☒ No

B.   If your answer to "A" is YES, describe each lawsuit in the space below. If
     there is more than one lawsuit, you must describe the additional lawsuits
     on another sheet of paper using the same outline. Failure to comply with
     this provision may result in summary denial of your complaint.

1.   Parties to previous lawsuits:
     Plaintiff(s):


     Defendant(s):


2.   Court (if federal court, name of the district; if state court, name of
     the county):

3.   Docket number:

4.   Name of Judge to whom case was assigned:

5.   Type of case (for example: Was it a habeas corpus or civil rights
     action?):

6.   Disposition of case (for example: Was the case dismissed? Was it
     appealed? Is it still pending?):

7.   Approximate date of filing lawsuit:   —

8.   Approximate date of disposition:

(Rev. 7/2010)

Page 6 of 45

III. **GRIEVANCE PROCEDURE**

A. Is there a prisoner grievance procedure in the institution? ☑ Yes ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? ☑ Yes ☐ No

C. If your answer is YES,
   1. What steps did you take?

   To grievance officer, counselor, grievance officer and grievance officer, and Administrative Review Board (see pages-8-thru-17-)(-8- through 17-)

   2. What was the result?

   Denied

D. If your answer is NO, explain why not.

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? ☐ Yes ☐ No

F. If your answer is YES,
   1. What steps did you take?

   2. What was the result?

G. If your answer is NO, explain why not.

H. Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not.

(Rev. 7/2010)

Page - 7 of 45

## IV. STATEMENT OF CLAIM

A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

(see pages -19- through -44- )

## V.   REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

(see page 28)

## VI.   JURY DEMAND (check one box below)

The plaintiff ☒ does ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: _August 13, 2015_
(date)

_Jae Nicolas Osbaldo_
Signature of Plaintiff

_711 Kaskaskia Street_
Street Address

_Jose-Nicolas, Osbaldo_
Printed Name

_Menard, IL 62259-0711_
City, State, Zip

_IDH R-72163_
Prisoner Register Number

_____
Signature of Attorney (if any)

Page— 45 of 45

(Rev. 7/2010)

## V.    REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

(see page 36)

## VI.    JURY DEMAND (check one box below)

The plaintiff ☒ does   ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: __August 13, 2015__
(date)

__Jose Nicolas Osbaldo__
Signature of Plaintiff

__711 KasKasKia Street__
Street Address

__Jose - Nicolas Osbaldo__
Printed Name

__Menard, Illinois 62259-0711__
City, State, Zip

__R-72183__
Prisoner Register Number

_____
Signature of Attorney (if any)

(Rev. 7/2010)

Page 36 of 36

1. Defendant Nathan J. Berry is a Correctional officer of the I.D.O.C who at all times mention in this complaint, held the rank of Prison guard and was assigned to Illinois State prison. Menard Correctional Center.

2. Defendant Hughes, Robert E - chair Person of the adjustment committe who at all times mention in this complaint, held the rank of - upon information and belive - Lieutenant and was assigned to I.D.O.C Illinois state prison. M.C.C

3. Defendant HART, JASON N Adjustment Committee investigator upon information and belive hel the rank of sargeant and was assigned to I.D.O.C M.C.C.

4. Defendant Richard Harrington who at all times mention in this complaint held the rank of Menard correctional Center Warden and was assigned to I.D.O.C Illinois state prison. M.C.C.

5. Defendant Mrs. Linda Carter is a Grievance officer at Menard Correctional Center held the rank of Grievance officer and was assigned to Illinois state prison I.D.O.C M.C.C.

6. Defendant Mrs S. Hill is the counselor of Menard Correctional Center who at all times mention in this complaint, held the rank of $N^2$ S.H.U. Counselor and was assigned to Illinois state Prison M.C.C.

7. Defendant K. Butler who at all times mention in this complaint held the rank of Warden at Menard Correctional Center and was assigned to I.D.O.C Illinois State Prison. M.C.C.

8. Defendant Marvin Bochantin who at all times mention in this complaint held the rank of Grievance officer at Menard Correctional Center and was assigned to I.D.O.C. Illinois State Prison. M.C.C.

9. Each defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each defendant acted under the color of state Law.

Page - 20 of 45

10. On Feb 5, 2014 Officer Nathan J. Berry wrote a false ticket for 203 Drugs and drugs paraphernalia, as well as 202 Damage or Misuse of property, violating U.S.C. IV Amendment and XIV Amendment, U.S.C. sec.1 (see page - 2930 and page-40 - preparation of disciplinary Reports:)

11. On Feb. 10, 2014 I went to the adjustment committee and asked for the officer who wrote the ticket, tickets 202 and 203 as a witness. I asked the officer to produce a written statement to where he found the contraband and I asked for more time to prepare a defence but the adjustment committee denied my request

12. The Adjustment committee asked if I would plea guilty or not guilty so I plead not guilty I asked for my right to Appeal but the chairman refused and told the Correction Officer to take me out of the hearing.

13. On Feb. 26, 2014 I received a Final Summary report where the committee found me guilty and the Warden Richard Harrington Agreed with the decision violating XIV Amendment of U.S.C sec.1 (see pages -31- and -32-); [see page -39 - Computation of Disciplines For Multiple offenses:)

14. On March 12, 2014 I wrote a grievance to the Grievance officer stating that my XIV Amendment Right was violated Sect.1 of USC I sent exhibits showing Discipline Report 202 and 203 I plead no guilty and that IDR 304 and 403 I claim police brutality.
(see pages -29 - through - 36")

15. Grievance Officer never answerd my grievance dated March 12, 2014 about Disciplinary report date 2-5-2014 with exhibits. A, B, C, C1, D, D1, D2 and D3 Grievance Officer Linda carter violated I Amendment of USC grievance procedure interferred with acces to the courts. (See page -41-); and -37- Paragraph (3.1.)

16. On March 30, 2014 I sent a grievance to the counselor one as a normal Grievance and the other as an Emergency grievance stating the same thing I argued with the grievance officer all with the same Exhibits.
    (see page -38- counseling.) page 12 and 29 through 36.)

17. On April 9, 2014 the Counselor Mrs. Hill was on location at North 2 2 gallery and I give her a envelope with a grievance Discipline report dated 2-5-2014 and exhibits A, B, C, C1, D, D1, D2 and D3 I let her know that there was a grievance in their and she stated that She already received my grievance and she needed time to respond violating I Amendment of USC grievance procedure interferred with access to the courts. (see page -41-)

18. On April 27, 2014 I sent another grievance to the grievance officer say that the Counselor Mrs Hill has failed to answer my grievance dated 3-30-14

19. Mrs Hill answered my grievance 4-30-14 that I sent the grievance officer, Mrs Hill response was unable to verify if marked emergency they were forworded to grievance officer 4-30-14 also Mrs Hill responded to my grievance that was Normal saying she received it 4-18-14 saying out of time frame violating my I Amendment Right of the USC Grievance procedures interferred access to the courts. (see page-42- and Grievance page-12-) and pages 43; 44.)

20. On May 11, 2014 I sent another grievance to the grievance officer saying that Mrs Hill answered my grievance "Out of time frame" 4-18-14 I received a Final Summary 2-26-14 it is not out of time frame. Relief I sought to be Freed from N2 Segregation and $1000.00 spent in condemn confinement for each day.
(see page -10-and -11-); 29 through 36-)

21. I was in N2 (2-27) behid steel door then moved to N2 (6-12) behid steel door the cell was filthy the bottom of the toilet leaked water the floor had holes where the water would accumulate it constantly was refilled with water the room was moldy and Humid there were insects the bed was filthy the temperatures were above 90° and I didn't have a fan I reported this to C/O Hanks who said he would inform maintainance — continue Page 23 of 45

about the toilet and that there were no state loan fans available.

22. They would not let me change Jumpsuit or give me cleaning supply to clean my cell N2(6-12) behid the door it is very hot and I could no breath

23. On July 22, 2014 I received the grievance officer report and on July 31, 2014 I sent said report to Administrative Review Board. (see pages -8; 9;10;11; 29- Through 36.)
violating I Amendment of the U.S.C grievence procedure interferred access to the courts.

24. The Adjustment Committee, Kimberly Butler, Linda Carter, Counselor Mrs Hill violated my VIII Amendment of the U.S.C Cruel and unusual punishment in condemn cell.

25 Defendant Kimberly Butler and Richard Harrington failed to research / investigate the Adjustment committee decision violated VIII Amendment of the U.S.C. Cruel and Unusual punishment in condemn cell. and XIV Amendment U.S.C. section 1.

Page 24 of 45

# Legal claims

26. Defendant Berry violates United States Constitution IV Amendment by writing false ticket to Plaintiff Nicolas defendant Berry action violates Plaintiff Nicolas IV Amendment of the U.S.L. by an ilegal searches and exposed Plaintif Nicolas of his VIII and XIV Amendment of the U.S.C.L. to be violated.

27. Defendant Hughes denied Plaintiff Nicolas request for witness, and more time to prepare a defense and fail to admonish Plantiff right to appeal Defendant Hughes action violated Plaintiff rights under the XIV Amendment of the U.S.C. sec. 1 and caused Plaintiff Nicolas suffering in condemn confinement.

28. Defendant HART fail to conduct proper investigation in ticket wrote by C/o Berry no just in the ticket but on the evidence of the ticket Defendant Hart action violated Plaintiff Nicolas rights under the XIV Amendment of the U.S.C. sec. 1 and caused Plaintiff Nicolas suffering in condemn cell.

Continue Legal Claims 2

29. Defendant Harrington fail to addressed the Adjustment Committee decision Defendant Harrington action violated Plaintiff Nicolas rights under the XIV Amendment of the U.S.C Sec.1 and exposed him of the VIII Amendment violation of the U.S.C no cruelnor unusual punishments inflicted. and caused Plaintiff suffering in condemn confinement.

30. Defendant Carter fail to respond Plaintiff Nicolas grievance Defendant Carter action violated Plaintiff Nicolas rights under the I Amendment of the U.S.C. interfered access to the courts and exposed Plaintiff Nicolas suffering in condemn Confinement.

31. Defendant Hill fail to respond Plaintiff Nicolas grievance and fail to refered grievance to grievance officer and interfered with Plaintiff grievance by not let grievance go to grievance officer Defendant Hill action violated Plaintiff Nicolas rights under the I Amendment to the U.S.C interfered access to the courts and exposed Plaintiff Nicolas suffering in condemn Confinement. VIII Amendment violation no cruel or unusual punishment.

Legal claims continue

32. Defendant K. Butler fail to readdressed the Adjustment committee decision Defendant Butler action violated Plaintiff Nicolas rights under the XIV Amendment United State Constitution Sec.1 and exposed him of the VIII Amendment violation of the United States Constitution no cruel nor unusual punishment inflicted and caused Plaintiff Nicolas suffering in condemn confinement.

33. Defendant Bochatin fail to reconsider Plaintiff Nicolas grievance in violation of his XIV Amendment of the United States Constitution Defendant Bochantin action violated Plaintiff Nicolas rights under the I Amendent of the U.S.C. interfered access to the courts and exposed Plaintiff Nicolas to the VIII Amendment violation of the Unites States Constitution an caused Plaintiff Nicolas suffering in condemn confinement.
(See page -37 - paragraph (A))

# Prayer for Relief

A. Defendants violated my XIV sec-I, VIII, and IV Amendment of the united States constitution.

B. To be awarded compensatory damages from each defendant in the sum of $ 1000.00 dollar for each day spent in condemn cell.

C. Punitive damage from each defendant in the sum of $ 1000.00 dollars spent in N2 segregation House unit Condemn confinement. for each day.

D. The ticket be out of my Master file.

E. Defendants pay all cost of filing fees and Attorney fees and transfer plaintiff to ILLinois river prison or any prison of his choice with a Job of his choice.

F. Any additional relief this court deems just proper and equitable.

East 4 - 23

N2 6-12

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: May 23, 2014          Date of Review: July 15, 2014          Grievance # (optional): 192-5-14

Offender: Jose-Nicolas                                                    ID#: R72183

Nature of Grievance: Counselor/timeliness

**Facts Reviewed:** All information submitted to the Grievance Officer by the offender or institutional staff pertaining to this issue(s) being grieved has been thoroughly reviewed. Offender submitted a grievance dated 05/11/2014 and grieves that on 03/30/2014 sent an emergency grievance on the same date mark disciplinary report date 2-5-2014 to the North 2 Counselor. The Counselor responded on 4-30-2014 stated that it is out of time frame. Offender would like this issue to be resolved.

Relief requested: Free from North 2 Segregation and $1000.00 for each day spend in this condemn confinement, a pair of boots size 9, 2 pair boxers 2X, 2 pair of socks, face towel, 1 towel, 1 laundry bag, 2 T-shirts 2X, and a job of choice.

Case Work Supervisor J Cowan replied: 5/22/2014 Per DR 504 an emergency grievance is sent to the CAO not a counselor. Also per DR 504 grievance on IDR go to the Grievance officer not the counselor. DR 504 states 60 days from date of incident or knowledge of there of IDR 2/05/2014 mean 4/15/2014 counselor received 4/18/2014 already out of time frame and should of went to the Grievance officer but still was out of time frame on 4/18/2014. Follow DR 504 for issues to be address

Grievance Officer reviewed 07-15-2014 the offender did not follow proper procedure of submitting the grievance which put the issue out of time frame. The DOC 0046 Grievance form even states at the top: When completed send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.

Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by counselor.

Ect...

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the inmate's grievance be DENIED. No further action appears to be necessary at this level at this time.

Marvin Bochantin                                                          _Marv Bochantin_
Print Grievance Officer's Name                                          Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable.)

| Chief Administrative Officer's Response |
|---|

Date Received: July 17, 2014          ☒ I concur     ☐ I do not concur          ☐ Remand

Comments:

_K Butler_                                                              7/18/14
Chief Administrative Officer's Signature                                Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_Jose Nicolas Obando_                     R-72183            7-22-14
Offender's Signature                      ID#                Date



**Illinois**
**Department of**
**Corrections**

**BRUCE RAUNER**
Governor

**S.A. GODINEZ**
Acting Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Jose.-Nicolas, Osbaldo_   Date: _2/18/15_

Register # _R72183_

Facility: _Menard CC_

This is in response to your grievance received on _8/5/14_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _5/11/14_   Grievance Number: _192-5-14_   Griev Loc: _Menard CC_

O Transfer denied by the Facility or Transfer Coordinator
O Dietary _____
O Personal Property _____
O Mailroom/Publications _____
O Assignment (job, cell) _____

O Commissary _____
O Trust Fund _____
O Conditions (cell conditions, cleaning supplies)
O Disciplinary Report dated _____
   Incident #_____
Ø Other _Grievance process_

Based on a review of all available information, this office has determined your grievance to be:

O Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by

O Denied, in accordance with DR504F, this is an administrative decision.

Ø Denied, this office finds the issue was appropriately addressed by the facility Administration.

O Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

O Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

O In addition, property items are to be disposed of in accordance with DR501C.

O Other:_____

O Denied as the facility is following the procedures outlined in DR525.

O Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

O Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

O Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

O Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

FOR THE BOARD: _Debbie Knauer_   CONCURRED: _S.A. Godinez_
Debbie Knauer
Administrative Review Board

S.A. Godinez
Acting Director   _2/23/15_

CC:  Warden, _Menard_   Correctional Center
_Jose-Nicolas_, Register No. _R72183_

_Page 9 of 45_

Grievance Officer

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

N2-6-12

| Date: 5-11-14 | Offender: (Please Print) Jose Nicolas Osbaldo | ID#: R-72183 |

| Present Facility: Menard Correctional Center | Facility where grievance issue occurred: Menard C.C. |

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ ADA Disability Accommodation
☒ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify): _____

☐ Disciplinary Report: ___/___/___
Date of Report                    Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information
for each person involved): On 3-30-14. I send on Emergency grievance dated 3-30-14. to
the counselor (N2) marked disciplinary report dated 2-5-14. Also
one non emergency grievance with the some issues with a note
stated if Counselor consider that is not an emergency grievance
Counselor Ms. Hill responded ON 4-30-14. to the non emergency grievance stated it that is out of time frame. the date
marked in the grievance show diference.
The officer exhibit (A); A.C. exhibit (C-C1) and counselor Ms.
Hill violated my 14 Amendment Right of the U.S. Constitution 1 Par

Relief Requested: Free from N2 segregation and $1000.00 dollars
for each day spend in this condemn confinement:
E.E.D. program: Job on my good choice and → continue on reverse

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Jose Nicolas Osbaldo                R-72183   5, 11, 14
Offender's Signature                              ID#              Date

(Continue on reverse side if necessary)

G-01

---

**Counselor's Response (If applicable)**

| Date Received: ___/___/___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

RECEIVED
MAY 12 2014

Print Counselor's Name              Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

E26

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☒ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

GRIEVANCE OFFICE
MENARD CORRECTIONAL CENT

Chief Administrative Officer's Signature          5-12-14
                                                    Date

Distribution: Master File; Offender          Page 1          — 10 of 45          DOC 0046 (8/2012)
Printed on Recycled Paper

OFFENDER'S GRIEVANCE (Continued)

I would like this issue resolved.

Continue Reliefs a per of boots size 9; 2 boxers 2X;
2 per of socks; face towell; 1 towell; 1 laundry bag; 2 T-shirt
2X, and a Job on my good choice.
For violated me of my 14 Amendment Right of the
U.S. Constitution s1, and Const Of State of Illinois Article 1 sec.2.
attach to this grievance,
grievances including this one are 3
Exhibits ———— 8
                        Total. 11 documents. a

G.01

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

N2-6-12

| Date: 3-30-14 | Offender: JOSE NICOLAS OSBALDO (Please Print) | ID#: R-72183 |
|---|---|---|
| Present Facility: Menard Correctional Center | Facility where grievance issue occurred: Menard C.C. | |

NATURE OF GRIEVANCE: *Is the past 60 days - Out of Timeframe-*

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ ADA Disability Accommodation
☐ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☐ Other (specify): _____

☒ Disciplinary Report: _2_ , _5_ , _19_   *Menard Correctional Center*
Date of Report                              Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

_ON Feb. 5/14. ticket states Approximate time 11:15 am. see exhibit (A)_
_ON Feb. 5/14. ticket states Appioximate time 11:30 am see exhibit (B)_
_I wented to the Adjustment Committee on Feb. 10/14 12:16 pm see_
_exhibit (C): (C1) The Adjustment Committee violate my 14 Amendment U.S. Const and_
_ON Feb. 5/14. exhibit (A) does not satisfy 20 ILLINOIS ADMINISTRATIVE_
_CODE CH.I. SEC. 504.30. It failed to state the following:_
_paragraph (2) The place, time and date of the offense_
_paragraph (5) The names of committed persons, employees and visitor who_
_were witnesses. The identity of witnesses may be withheld for reasons over_

Relief Requested: _I would like reconsideration in exhibit (B) ticket._
_I'am totally innocent in exhibit (A). → continue on reverse side_

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____   ____/____/____
Offender's Signature                        Date
(Continue on reverse side if necessary)

RECEIVED JUN 06 2014 [stamp]

| Counselor's Response (if applicable) | |
|---|---|
| Date Received: 4 , 18 , 14 | ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _Out of timeframe. All grievances are_
_answered and return in a timely manner_
_per AD's and TD's._

_Sis Hill_   _SH_   _4, 30, 14_
Print Counselor's Name    Counselor's Signature    Date of Response

| EMERGENCY REVIEW | |
|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature?  ☐ Yes; expedite emergency grievance  ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____   ____/____/____
Chief Administrative Officer's Signature        Date

Distribution: Master File; Offender

Page 1   Page -12 of 45
Printed on Recycled Paper

DOC 0046 (8/2012)

G.02

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

of security provided a statement to that effect and the information
the confidential source provided are included on the disciplinary
report to the extent the information can be included without
jeopardizing security.

I told the Adjustment Committee the same facts mentioned above
and pled (NO GUILTY TO THE CHARGES).

In the final summary report the Adjustment committee
founded me (GUILTY) and the basis for decision is: see
exhibit (C) BASIS FOR DECISION.
          BASIS FOR DECISION states
ALL FOUND IN PROPERTY BOX# 003851, ALSO FOUND ONE ALTERED
TV. (see) exhibit (A) states KTV.
    see exhibits (D):(D1):(D2), those facts show my innocent.
all those facts mentioned above support ticket in exhibit (A)
violated Constitution of State of ILLinois Article I sec. 2
On Feb. 5/14 see exhibit (B) I was placed in the West-cell-
House Even side holding cell. I was placed there after came
back from chow odd side After R gallery. wented by
Inmates talked to us saying "you good" I answer "yea I'm good"
Sta. Qualls told me "face to the wall" I complied, and sta. said
"sit the fuck down" I said the floor is cold, and I refused to sit
down on the cold floor I heard C/o Correctional Officer said you too
"face to the wall" to another Inmate C/o immediatly said "No
cuffing" Inmate complied; C/o told me "cuff up" and I walked
backwards and complied...

          Continued Relief: I would like to be out of segrega-
tion as soon as possible.

G.02

To: Ms. Linda Carter
Grievance Officer

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

ID#: R-72183

Date: 3-30-14    Offender: (Please Print) JOSE - NICOLAS OSBALDO

Present Facility: Menard Correctional Center    Facility where grievance Issue occurred: Menard C.C.

**NATURE OF GRIEVANCE:** FEB ISSUE OUT of TIMEFRAME 5/12/14

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify):

- [X] Disciplinary Report: 2 / 5 / 14    Menard Correctional Center
        Date of Report                    Facility where issued

Note:     Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
        Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
        Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
        Chief Administrative Officer, only if EMERGENCY grievance.
        Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
        administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
        Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information
for each person involved):

ON Feb. 5/14. ticket states Approximate time 11:15 am see exhibit (A)
ON Feb. 5/14. ticket states Approximate time 11:30 am see exhibit (B)
I wented to the Adjustment committee on Feb. 10/14  12:16 pm  see
exhibit (C)+(C1) THE Adjustment committee violate 14 Amendment US C. see
ON Feb. 5/14. exhibit (A) does not satisfy. 20 ILLINOIS ADMINISTRATIVE
CODE CH.I SEC. 504.30. It failed  to state the following:
paragraph (2) The place, time and date of the offense.
paragraph (5) The names of committed persons, employees and visitor who
were witnesses. The identity of witnesses may be witheld for reasons →
                                                                    over
Relief Requested: I would like reconsideration in exhibit (B) ticket.
I am totally innocent in exhibit (A). → continue on reverse side

G.03

- [X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Jose Nicolas Obaldo                    R-72183    3, 30, 14
        Offender's Signature              ID#           Date

(Continue on reverse side if necessary)

---

| Counselor's Response (if applicable) | |
|---|---|
| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility.  Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

DECEIVED

Print Counselor's Name          Counselor's Signature    Date of Response
                                                MAY 12 2014

---

| EMERGENCY REVIEW | | GRIEVANCE OFFICE MENARD CORRECTIONAL CENT |
|---|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____    ___/___/___
Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender            Page 1    Page 14 of 45    DOC 0046 (9/2012)
                                        Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

of security provided a statement to the effect and the information
the confidential source provided are included on the disciplinary
report to the extent the information can be included without
jeopardizing security.

I told the Adjustment committee the same facts mentioned above
and pled (NO GUILTY TO THE CHARGES).

In the final summary report the Adjustment committee
founded me (GUILTY) and the basis for decision is, see
exhibit (C), BASIS FOR DECISION.
                    BASIS FOR DECISION states
ALL FOUND IN PROPERTY Box # 00851. ALSO FOUND ONE ALTERED
TV. (see) exhibit (A) states KTV
see exhibits (D); (D1); (D2). those facts show my innocent.
all those facts mentioned above support ticket in exhibit (A)
Violated Constitution of State of Illinois Article I sec 9.
On Feb. 5/14. see exhibit (B). I was placed in the West—cell
House Even side holding cell. I was placed there after came
back from chow odd side. After 2 gallery wented by
Inmates talked to us saying "you good" I answer "Yea I'm good"
Stg. Qualls told me "face to the wall" I complied and stg. said
"sit the fuck down" I said the floor is cold and I refused to sit
down on the cold floor I heard C/o Correctional Officer said You too
"face to the wall" to another Inmate C/o immediatly said  "No
cuff up" Inmate complied; C/o told me "cuff up" and I walked
backwards and complied...

        Continued Relief: I would like to be out of segrega-
tion as soon as possible.

G.03

Page — 150 of 45

*To Ms Linda Corter*
*Grievance Officer*

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| | | | ID#: R-72183 |
|---|---|---|---|
| Date: 3-30-14 | Offender: (Please Print) JOSE NICOLAS OSBALDO | | |
| Present Facility: Menard Correctional Center | Facility where grievance issue occurred: Menard C.C. | | |

NATURE OF GRIEVANCE: 2/5/14 Out of Timeframe 4/18/14

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☐ Other (specify):

☒ Disciplinary Report: 2 , 5 , 14     Menard Correctional Center
                        Date of Report              Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

ON Feb. 5/14 ticket states Approximate time 11:15 am. see exhibit (A)
ON Feb. 5/14 ticket states Approximate time 11:30 am see exhibit (B)
I wented to the Adjustment Committee on Feb. 10/14 12:16 pm see
exhibit (C): (C1) THE Adjustment Committee violate 14 Amendment USC. sec.1
ON Feb. 5/14 exhibit (A) does not satisfy 20 ILLINOIS ADMINISTRATIVE
CODE CH.I SEC. 504.30. It failed to state the following:
paragraph (2) The place, time and date of the offense.
paragraph (5) The names of committed persons, employees and visitor who
were witnesses. The identity of witnesses may be withheld for reasons → over

Relief Requested: I would like reconsideration in exhibit (B) ticket.
I'am totally innocent in exhibit (A). → continue on reverse side

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____     _____     __/__/__
Offender's Signature                        ID#          Date
(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) | | |
|---|---|---|
| Date Received: 4 , 18 , 14 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: Out of time frame. All grievances are
answered and return in a timely manner
per AD's and ID's.

_____ Hill _____          _____          4, 30, 14
Print Counselor's Name          Counselor's Signature          Date of Response

| **EMERGENCY REVIEW** | | |
|---|---|---|
| Date Received: __/__/__ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____          __/__/__
Chief Administrative Officer's Signature          Date

G.04

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

of security provided a statement to that effect and the information
the confidential source provided are included on the disciplinary
report to the extent the information can be included without
jeopardizing security.

I told the Adjustment Committee the same facts mentioned above
and pled (NO GUILTY TO THE CHARGES).

In the final summary report the Adjustment committee
founded me (GUILTY) and the basis for decision is, see
exhibit (C). BASIS FOR DECISION.
          BASIS FOR DECISION states
ALL FOUND IN PROPERTY BOX # 003851. ALSO FOUND ONE ALTERED
TV. (see) exhibit (A) states KTV.
   see exhibits (D); (D1); (D2). those facts show my innocent.
   all those facts mentioned above support ticket in exhibit (A)
violated Constitution of state of Illinois Article I sec 2.
On Feb. 5/14. see exhibit (B). I was placed in the West-cell-
House Even side holding cell. I was placed there after come
back from chow odd side After 2 gallery wented by
Inmates talked to us saying "You good" I answer "Yea I'm good"
Sgt. Qualls told me "face to the wall" I complied. and sgt. said
"sit the fuck down" I said the floor is cold, and I refused to sit
down on the cold floor. I heard C/o correctional officer said you too
"face to the wall" to another Inmate C/o immediatly said "No
cuffup" Inmate complied; C/o told me cuff up? and I walked
backwords and complied...

     Continued Relief: I would like to be out of segrega-
tion as soon as possible.

**Type of Report:**
☑ Disciplinary   ☐ Investigative

**Offender Disciplinary Report**   N27

Facility: Menard

Date: 2-5-14

Offender Name: Jose -Nicolas, Oscal   ID #: R72183

Observation Date: 2-5-14   Approximate Time: 11:15 ☑am ☐pm   Location: West Cell house

Offense(s): DR 504: 203. Drugs and Drug Paraphernalia, 202. Dangerous or Disruptive of Promisc

Observation: (NOTE: Each offense identified above must be substantiated.) On the above date and approx. time
this C/O was under going a routine shake down and found the following.
5 bottles of home made intoxicant, "7% per total unit" one needle in box #200451
are altered KTV. Notified Sgt. Gustis and Lt. Page. Identified by ID card
and OTS. EOR.

Witness(es): Snell 3747

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

Nathan Kotty   6861   signature   2-5-14   2:47 ☐am ☐pm
Reporting Employee (Print Name)   Badge #   Signature   Date   Time

---

**Disciplinary Action:**

**Shift Review:** ☑ Temporary Confinement   ☐ Investigative Status   Reasons: nature of offense

Keres   791   signature   2-5-14
Printed Name and Badge #   Shift Supervisor's Signature   Date
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☑ Confinement reviewed by Reviewing Officer   Comment: I concur

☑ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

Maj. Lee   652   signature   2-5-14
Print Reviewing Officer's Name and Badge #   Reviewing Officer's Signature   Date

☐ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only)

Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   Date

---

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☑ Check if offender refused to sign

Offender's Signature   ID#

Serving Employee (Print Name)   Badge #   Signature

7/6/14   636 ☐am ☐pm
Date Served   Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature   ID#

---

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report   Print offender's name   ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date.

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)

Witness can testify to

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)

Witness can testify to

Distribution:   Master File   Offender
Page ___ of ___   Page 29-45

DOC 0317 (Rev. 7/2007)

**...MENT OF CORRECTIONS**
**Disciplinary Report**

Date: 2-5-14

Facility

...icolas    ID#: R72183

...tion Date: 2-5-14  Approximate Time: 1130  Location: WCH

Offense(s): DR 504: 304 Insolence 403 Disobeying Direct Order

Observation: (NOTE: Each offense identified above must be substantiated) on the above date and approx. time this Reporting Sgt had placed Im Jose Nicolas in the Cam side holding Cell. Inmate Jose Nicolas continously Interfeared with Line movmnt (Rec, Commissary, Chow) as they went by Im Jose Nicolas was told to Stop and have a seat, to which he responded "Fuck That" Inmates Jose Nicolas was cuffed and taken to N2 Seg. Lt Payne and Major Thomas Notified   Inmate Ided by I.D. card and OTS

Witness(es): Co Snell & Barry

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

Sgt ___ ells  Badge #: 4087  Signature: Sgt ___  Date: 2-5-14  Time: 1230

**Disciplinary Action:**

Shift Review: ☑ Temporary Confinement  ☐ Investigative Status  Reasons: nature of offense

Printed Name and Badge #: Ayers 771   Shift Supervisor's Signature: Ms. Ker  Date: 2-5-14

Reviewing Officer's Decision: ☑ Confinement reviewed by Reviewing Officer  Comment: I concur

☑ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

Print Reviewing Officer's Name and Badge #   Reviewing Officer's Signature  Date: 2-5-14

☐ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only)

Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☑ Check if offender refused to sign

Offender's Signature   ID#

Serving Employee (Print Name)   Badge #   Signature

Date Served: 2/6/14   Time Served: 4:41

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature   ID#

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report   Print offender's name   ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date.

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)
Witness can testify to:

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)
Witness can testify to:

Page ___ of ___   Page 30 of 45

Exhibit (B)



Exhibit (C)

# STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Name: JOSE-NICOLAS, OSBALDO　　　IDOC Number: R72183　　　　　　Race: HSP

ring Date/Time: 2/10/2014　12:16 PM　　　Living Unit: MEN-N2-02-27　　Orientation Status: N/A

cident Number: 201400152/1 - MEN　　　　　Status: Final

| te | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| /2014 | 201400152/1-MEN | BERRY, NATHAN J | WEST CELLHOUSE | 11:15 AM |
| /2014 | 201400152/2-MEN | QUALLS, WILLIAM D | WEST CELLHOUSE | 11:30 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 02 | Damage Or Misuse of Property | Guilty |
| 03 | Drugs & Drug Paraphernalia | Guilty |
| | Comments:5 BOTTLES OF HOMEMADE INTOXICANTS | |
| 04 | Insolence | Guilty |
| 03 | Disobeying A Direct Order | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| Witness Requested | | | |

**CORD OF PROCEEDINGS**

IATE JOSE-NICOLAS PLED NOT GUILTY TO THE CHARGES.

**SIS FOR DECISION**

SED ON, R/O CONDUCTED A SHAKE DOWN OF INMATE JOSE-NICOLAS R72183 CELL AND FOUND 5
TTLES OF HOMEMADE INTOXICANTS WITH A 7% ALCOHOL CONTENT TESTED BY INTERNAL AFFAIRS AND
EDLE ALL FOUND IN PROPERTY BOX #008851. ALSO FOUND ONE ALTERED TV. JOSE-NICOLAS WAS
.CED IN THE HOLDING CELL AND FAILED TO COMPLY WITH A DIRECT ORDER GIVEN BY REPORTING SGT.
TAKE A SEAT. JOSE-NICOLAS STATED TO REPORTING SGT., "FUCK THAT." I.D. BY I.D. CARD AND OTS.
'NESSES OFFICER SNELL AND OFFICER BERRY STATED I.D.R. IS CORRECT AS WRITTEN.

**CIPLINARY ACTION** (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| Months C Grade | 6 Months C Grade |
| Months Segregation | 6 Months Segregation |
| Months Commissary Restriction | 6 Months Commissary Restriction |
| Months Contact Visits Restriction | 6 Months Contact Visits Restriction |
| sis for DisciplineNATURE OF OFFENSE | |

**Signatures**

earing Committee

| | Signature | Date | Race |
|---|---|---|---|
| IUGHES, ROBERT E  - Chair Person | | 02/10/14 | WHI |
| IART, JASON N | | 02/10/14 | BLK |

Recommended Action Approved

al Comments: N/A

**STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS**
**ADJUSTMENT COMMITTEE**
**FINAL SUMMARY REPORT**

*Exhibit (C1)*

Name: JOSE-NICOLAS, OSBALDO          IDOC Number: R72183          Race: HSP
ing Date/Time: 2/10/2014  12:16 PM    Living Unit: MEN-N2-02-27    Orientation Status: N/A
ident Number: 201400152/1 - MEN       Status: Final

CHARD  HARRINGTON / KSB 2/18/2014                                    02/18/14
Chief Administrative Officer            Signature                    Date

committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

                                                     2/26/14    10a
Employee Serving Copy to Committed Person      When Served - - Date and Time

I received this on February 26th, 2014 and yet
the counselor states I didn't file my grievance in
the time frame Department rule 504: Subpart F (60 days
he received it April 18th, 2014 well within the time frame
which ends on April 26th, 2014.

# STATE LOAN CONTRACT

IL 426-9279
DCA-16164

Date _____7-29-08_____

Resident ___Jose-Nicholas___        Reg. No. ___R-72183___

Item ___PER.PROP,STORAGE BOX___       Make ___N-A___

Model ___N-A___                Serial No. ___028354___

Description ___GRAY___            Dollar value ___$54.44___

The above item is on loan to me from Menard Corr. Center. I understand that the violation of institutional rules governing this item will result in the revocation of my state loan privileges. Should this item be loaned, sold, traded or given to another resident the item will be confiscated and disciplinary action will be taken against me including reimbursment to Menard Corr. Center for the dollar value of this item, which is stated above. I agree that any and all repairs to this item will be made at my expense and upon my release, transfer, or placement at another institution I will return the item to the Personal Property Officer prior to my release. In case of theft of this item I will report the theft to Personal Property by kite within 24 hrs. of the theft. I realize that failure to report the theft of this item within 24 hrs. leaves me liable for reimbursment to Menard Corr. Center for it's dollar value. Loss or theft of this contract should be reported as soon as possible by kite to Personal Property.

Resident _____       Reg No. ___1-7119___

Personal Property Officer _____

Exhibit (D)

Page 33 of 45

IL 426-9279
DCA-16164

# STATE LOAN CONTRACT

Date **7-29-08**

Resident  **Jose-Nicholas**                    Reg. No.  **N-22183**

Item  CORRESPONDENCE STORAGE BOX    Make  N-A

Model  N/A                         Serial No.  **555660**

Description  GRAY                   Dollar value  $42.77

The above item is on loan to me from Menard Corr. Center. I understand that the violation of institutional rules governing this item will result in the revocation of my state loan privileges. Should this item be loaned, sold, traded or given to another resident the item will be confiscated and disciplinary action will be taken against me, including reimbursment to Menard Corr. Center for the dollar value of this item, which is stated above. I agree that any and all repairs to this item will be made at my expense and upon my release, transfer or placement at another institution I will return the item to the Personal Property Officer prior to my release. In case of theft of this item I will report the theft to Personal Property by kite within 24 hrs. of the theft. I realize that failure to report the theft of this item within 24 hrs. leaves me liable for reimbursment to Menard Corr. Center for it's dollar value. Loss or theft of this contract should be reported as soon as possible by kite to Personal Property.

Resident  _C. Jo. Tp. Nicolas_          Reg. No.  _N. 22183_

Personal Property Officer  _____

Exhibit (D1)

Page-34 of 45

# RESIDENT PERSONAL PROPERTY CONTRACT

Resident: .............. Jose-Nicholas ............. Register Number: .......... R-72183

Date Issued: .......... 6-14-09 ............. Purchase Price: .......... 180.56

Item: .......... T.V. ............. Make: .......... RCA

Model: .......... J13804TL ............. Serial Number: .......... 149429159

Description: .......... Clear ............. ....................

The above item is my personal property. I understand that the violation of institutional rules governing the use of this item may result in temporary or permanent revocation of the privilege to use this item. Should this item be stolen, sold, traded, or given to another resident, this item will be confiscated by the Administration and classified as contraband. I agree that any and all repairs to this item will be at my expense through the proper institutional facilities and upon release from the institution I will take this item with me or agree to donate it to the institution to be used at the institution's discretion. I also understand in the event I purchase another item as described above I will dispose of the above item and will not retain two similar items. Should this item be stolen it is my responsibility to report same to the personal property officer within twenty-four hours via kite or in person.

Resident: .......... [signature] ..........  Register Number .......... R-72183

Issuing Officer: .......... [signature] ..........

PER/PROP.CONTRACT: IL-426-8278-DC4-18183

Exhibit (D2)

Page 35 of 45

# STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS

Inmate/Student Name _OSBALDO, Jose Nicolas_

Inmate/Student I.D.# _R72183_

Reception Facility _____

Panorex _____

Screening _____

DDS sig _____

**Public Health Classification Screening Dates**

☐ Schedule immediately at R&C
☐ Schedule routine exam at receiving institution
☐ Schedule immediately at receiving institution

**Pathology**

| | Public Health Classification Screening Dates |
|---|---|
| Prosthetic | |
| Operative | |
| Periodontics | |
| Oral Surgery | |
| Endodontics | |
| Receiving Inst. | |
| Dentist | |
| Date | |

## MEDICAL HISTORY AND REMARKS

| | Yes | No | Current Medication |
|---|---|---|---|
| Cardio Vascular Disease | | | |
| Pulmonary Disease/Asthma | | | |
| Diabetes | | | |
| Epilepsy | | | |
| Hepatitis | | | |
| V.D. (Type _____ ) | | | |
| Allergies (Type _____ ) | | | |

## ADULT

**EXISTING RESTORATIONS & MISSING TEETH**

R
1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16
L

**JUVENILE**

Existing Restorations and
Missing Teeth

R ... L

TREATMENT NEEDED - COMPLETED RESTORATIONS

Treatment Needed and
Completed Restorations

32 31 30 29 28 27 26 25 24 23 22 21 20 19 18 17

| Date | Service Rendered | D.D.S. Signature | Date | Service Rendered | D.D.S. Signature |
|---|---|---|---|---|---|
| 3/11/2014 9:30 A | P: 0/5 4/2 joint pain ®<br>S: I grind my teeth.<br>the pain wakes me up at<br>night for me? | | 4/25/2014 (cont) | Received for medical<br>strong (apple cups)<br>assigned by pt. | W. Thomas D.A. |
| | O: Schema clenure @ present | M. Thomas DSA | 6/10/2014 10:30 | flip to enjoy to old jaw<br>CRDmj - popping when<br>chewing o swelling Rox<br>Chief complaint TMJ jaw<br>area other 4/2"N | |
| 4/01/2014 9:50 A | A: TMJ arthritis ®<br>P: layman of TMJ Dirvd<br>advised pound Advil<br>pt f/u prevent Pre mud<br>to help TMJ<br>bop one arm jaw On R<br>clog has adjust at her<br>reflexward at R<br>advising pt's present Rx<br>button 140. 0=p #8<br>Rx: injf/or vocal appt M. Thomas DSA<br>P: 03x1 Ut~p/ N/2<br>awake by ~p<br>and more firm first<br>Pronto me to follow fast<br>evaluated pt - ROM w/in WNL | M. Thomas DSA | | See she no drains dental<br>Normal ROM no structure?<br>no joint noises have in<br>ROT explant HP notes and<br>no recemply of balys in<br>be my Hight more of pt. in<br>to help to for the<br>within to<br>call on pain on 8 old Rom?<br>will pt pain - left jaw line Oud<br>mumple - left jaw area? | | Co-Pay Exempt |
| 4/25/2014 10:22 A | P: should out end gives<br>P: this/boy out galanly<br>but she @ beeup/3<br>N: Qom you yes follow ones<br>vst. (cont) | M. N. Thomas DSA | 7/01/2014 8:41 A | P: 0/5 4/TA (months ®<br>Lower ® + ® parts on<br>amalgam #17-18 buccal<br>G: extraction v12.16 #8<br>gingival buccal upon pressure.<br>P: pt. f/w/th is sharp<br>432 (E) on x-ray lot<br>who 2 mil first cervix<br>no sly notche (cont) | |

DC 7126 (Rev. 10/97)<br>IL 426-0018

Page 35 of 36



STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS

Page 34 of 36

| Date | Service Rendered | D.D.S. Signature | Date | Service Rendered | D.D.S. Signature |
|---|---|---|---|---|---|

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

### MENARD CORRECTIONAL ___ Center

Offender Information:

Last Name: _Jose - Nicolas_   First Name: _Osvaldo_   MI: ___   ID#: _R72183_

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 4/1/14<br>840A | Nurse CMT TX Protocol: Non-Specific Discomfort | |
| | S) | P) |
| | Any Allergies? NKDA | **MD Referral:** |
| | Location of pain / discomfort _lower left area_<br>_abdomen/near groin c/o lump_ | Pt. presents more than twice at NSC for c/o same discomfort |
| | Describe pain (stabbing, throbbing, constant,<br>intermittent etc) _Sharp pain_ | Pt. presents with signs of acute, severe discomfort |
| | - S/R _most pain upon waking up in AM_ | Pt. has abnormal vital signs |
| | Have you had this pain before and how was it treated?<br>_Yes, Motrin_ | |
| | Rate pain level scale of 1 – 10 _Currently 7/10_ | No MD referral: |
| | | Acetaminophen 2 tabs t.i.d. PRN for pain X 7 days<br>_#24 issued_ |
| | O) | |
| | T _97.8_ P _72_ R _16_ BP _140/38_<br>WT _164#_ | **Patient Teaching:** |
| | Signs of obvious discomfort? _& abnormalities_<br>_noted c palpation of lower abdomen_ | Return to see provider if symptoms worsen or interfere with daily functioning |
| | Observations related to body part affected<br>- _& nodule / lump noted c palpation_ | |
| | _when Vrs c/o pain_ | $5.00 Co-pay   Yes   or   No |
| | - _Abdomen soft. Bowel Sounds ⊕ x4 quadrants_ | |
| | A) Non-Specific Discomfort | |

STATE OF ILLINOIS )
                   ) SS
COUNTY OF Randolph )

## **AFFIDAVIT**

I, Kevin Kerby # R53246 being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto: _____

ON February 5th 2014 I WAS Residing in WEST House cell
202. I stayed in my cell As the Rest of the gallery left to chow
I seen two inmates in the holding cage infront of my cell. I knew
one of the inmates named Jose Nicolas I.D # R72193. Him And
Another inmate were in the cage together I seen Jose facing
the wall. I seen the other inmate cuffed up And seen Mr.
Nicolas walked backwards And cuffed up Sgt Qualls was very
Aggressive when handling inmate Jose Nicolas # R72193. I witnessed
Sgt Qualls strike Jose Nicolas with A closed fist in the Right side
of his jaw And upper torso, It cAused Jose to fall to the ground. Then
Officer Berry picked up Mr Nicolas And drug him Around the corner
& I heard what sounded like an Assault taking place. Finally I
seen Jose bent over As Sgt Qualls escorted him out the building.
I dont understand why these officers would Assault An
inmate when the inmate was in full compliance.

Subscribed and sworn to
before me on the 30 day
of July , 2015

_Junnifer Clende_
NOTARY PUBLIC

Respectfully submitted,

_Kevin Kerby_



KEVIN KERBY # R53246

JENNIFER CLENDENIN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
May 29, 2018

Page 32 of 36

IL 426-22340 DCA 130-30894 (11/98)

**MENARD CORRECTIONAL CENTER**
**NORTH II SEGREGATION**
**AUDIO-VISUAL EQUIPMENT INVENTORY FORM**

Exhibit (D3)

RESIDENT'S NAME _____ NUMBER _____ DATE _____

A.   REVOCATION OF EQUIPMENT:

| ITEMS | MODEL | SERIAL NUMBER | COMMENTS |
|-------|-------|---------------|----------|
| 1.   TV | RCA _____ | _____ F935 _____ | |
| 2.   AM/FM RADIO WITHOUT CASSETTE | | | |
| 3.   AM/FM RADIO WITH CASSETTE | | | |
| 4.   WALKMAN | | | |
| 5.   HEADPHONES EARPHONES | | | |

TAPES (12 max. + 1 head cleaner)_____ CABLES_____ SPLITTERS_____

CABLE CONNECTORS_____ ADAPTERS_____ AUDIO CORDS_____

AUDIO JACKS_____ OTHER MISC. A/V ITEMS_____

I UNDERSTAND THAT I MAY HAVE MY AUDIO/VISUAL PRIVILEGE RESTORED AFTER

GETTING THE UNIT SUPERINTENDENTS' PERMISSION. THIS MAY BE DONE AFTER I

HAVE DONE *60 DAYS* IN SEGREGATION AT MENARD, AND WITHOUT RECEIVING ANY

ADDITIONAL DISCIPLINARY TICKETS!

INMATES' SIGNATURE _Jose Nicolas_ PROPERTY OFFICER _____
* IF RESIDENT CAN NOT SIGN THIS FORM, IT MUST BE NOTED IN THIS SPACE!

*PRIVILEGE RESTORED AND EQUIPMENT RETURNED ON:*_____

INMATES' SIGNATURE _____ PROPERTY OFFICER_____

This form supports exhibit (D2) related to-
exhibit (A) ticket and Exhibit (C) BASIS FOR-
Decision.                    Page 36 of 45

1. A violation of State or federal laws, or committing assault, dangerous contraband, dangerous disturbance, escape, sexual misconduct, arson, damage or misuse of property, or aiding or abetting, attempting, soliciting, or conspiring to commit any of those offenses while in segregation status may be:

   a. Restricted from recreational opportunities for up to 90 days for the first offense; and

   b. Restricted from recreational opportunities for up to 90 days or indefinitely placed on limited recreation or both for the second and subsequent offenses.

2. Any other major rule infraction which is yard related and which was committed while the committed person was in segregation status may be restricted for up to 90 days for the first offense and up to 90 days for each subsequent major offense.

3. A minor disciplinary offense which is yard related and which was committed while the committed person was in segregation status may be restricted for up to 15 days for the first offense and up to 30 days for each subsequent offense.

D. The period of restriction imposed under subsection C of this Section shall be served consecutive to the initial 90-day placement in segregation status and consecutive to any previously imposed recreational restrictions. This shall not limit the ability to restrict recreational opportunities for committed persons who have not served 90 consecutive days in segregation.

E. Restrictions on recreational opportunities shall be documented, including the type, length, and reason for the restriction. A copy of the documentation shall be maintained by the facility, a copy shall be placed in the committed person's master record file, and a copy shall be given to the committed person.

F. Committed persons whose recreational opportunities have been restricted or limited may grieve the determination in accordance with 20 Ill. Adm. Code 504, Subpart F.

G. Recreational opportunities shall not be required during institutional lockdowns or during institutional emergencies, including, but not limited to, riots, strikes, fires, work stoppages, power outages, and natural disasters.

# Grievance Procedures (DR 504F)

## Filing of Grievances:

A. A committed person shall first attempt to resolve incidents, problems or complaints other than complaints concerning disciplinary proceedings through his or her counselor. If a committed person is unable to resolve the complaint informally or if the complaint concerns a disciplinary proceeding, the individual may file a written grievance on a grievance form which shall be made available in all living units. A grievance shall be filed within sixty days after the discovery of the incident, occurrence, or problem which gives rise to the grievance. However, if a committed person can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered. The grievance procedure shall not be utilized for complaints regarding decisions, which are outside the authority of the Department such as parole decisions, clemency, or orders regarding length of sentence or decisions which have been rendered by the Director.

B. Grievances concerning the following shall be exempt from local grievance procedures. Such grievances must be sent directly to the Office of Inmate Issues (ARB); decisions by the Transfer Coordinators Office, protective custody placement, involuntary administration of psychotropic medications, disciplinary issues originating from a facility other than facility where offender is currently housed, and decisions regarding personal property issues that occurred at a facility other than where the inmate is currently housed.

C. Grievances involving issues other than those noted above shall be handled in accordance with local grievance procedures as follows:

   1. Grievance form must be legibly completed on offenders grievance form. Staff assistance shall be available as requested by any offender who is unable to prepare his or her grievance without assistance.

   2. Emergency grievances, those involving issues in which there is substantial risk of imminent personal injury or other serious or irreparable harm to self or others shall be signed, marked as emergency and submitted to the Chief Administrative Officer. If emergency is not substantiated, CAO will indicate such and return grievance to offender. Grievance may then be submitted by the offender, through the normal grievance process.

   3. Grievances involving discipline at the present facility or issues that have not been resolved by the offenders counselor shall be forwarded to the grievance officer.

   4. All other grievances shall be submitted to the offender's counselor.

27

Page 37 of 45

5.      All committed persons shall be entitled to file grievances regardless of their disciplinary status or classification

D.      Grievances regarding alleged discrimination based on disability or denied requests for accommodation to access Programs, activities, or services based on disability, shall be promptly forwarded to the facility American's with Disability Act (ADA) Coordinator.

### Appeals:

A.      If, after receiving the response of the Chief Administrative Officer, the committed person still feels that the problem, complaint or grievance has not been resolved to his satisfaction, he may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached.

B.      The Director shall review the grievance and the responses of the Grievance Officer and Chief Administrative Officer and shall determine whether the grievance requires a hearing before the Administrative Review Board. If it is determined that the grievance is without merit or can be resolved without a hearing, the committed person shall be advised of this disposition, in writing.

C.      An Administrative Review Board shall be appointed by the Director. One member of the Board may be a citizen from the community. A Department member shall be designated as chairman.

D.      The Administrative Review Board shall meet as frequently as necessary and may schedule hearings on grievances. Hearings may be conducted in person or via video or telephonic conference. The Board may call witnesses or examine records at its discretion.

E.      The Administrative Review Board shall submit to the Director a written report of its findings and recommendations.

F.      The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The committed person shall be sent a copy of the Director's decision.

G.      In those instances where a committed person is appealing a grievance determined by the Chief Administrative Officer to be of an emergency nature, the Administrative Review Board shall expedite processing of the grievance.

# Rights & Privileges (DR 525)

### Visiting Procedures and Rules:

It is the inmate's responsibility to submit a visiting list to his assigned Correctional Counselor. Once the visiting list is approved, the yellow copy will be returned to the inmate. It is then the inmate's responsibility to inform those individuals on his list that they are approved to visit. Any individual who appears on an inmates visiting list, who may be considered a victim of that inmate, may be denied approval to visit.

*All visitors are subject to search of their vehicle, physical search of their person, and are required to clear search with a metal detector or other contraband detection equipment. Illinois Law provides that it is a felony to attempt to bring into a correctional facility an item of contraband. Contraband includes tobacco, alcohol, cannabis, controlled substances, hypodermic syringes or needles, weapons, knives, explosives, guns (loaded or unloaded), hacksaw blades and key and lock picking devices. Anyone attempting to bring in contraband on facility grounds will be subject to prosecution.*

All visits are subject to monitoring and video recording unless prior approval is given for confidential attorney or other privileged visits.

### Offender Visitation:

Prospective visitors who have been convicted of a felony, have criminal charges pending, or are currently on parole or probation may visit only with prior written approval of the Warden. Previously incarcerated offenders that have been denied a visit are not permitted to remain on State property.

Individuals 17 years of age or older must be on the approved list in order to visit. Visitors 16 years of age and below need not be on the approved list to visit; however, such visits are permitted only when accompanied by a parent or guardian who is an approved visitor or when prior notarized consent has been given by a parent or guardian who is in the free community for the child to visit accompanied by an approved visitor who is at least 17 years of age. Visitors may only visit once per day. Attorney and Chaplain visits are to be excluded from this limit.

Visitors who appear to be under the influence of drugs or alcohol are prohibited from visiting any offenders.

Visitors are required to fill out a Prospective Visitor Interview Form prior to visiting. All questions must be answered completely and truthfully. If it is determined that any information provided is false, visitor will be denied entry to the facility and are subject to permanent

28

## COUNSELING

The purpose of the Clinical Services Department at the Menard Correctional Center is to provide support and services to offenders in order to assist them in their adjustment, involvement in programs, and reintegration into society. The Clinical Services Department functions under a case management system.

Offenders are assigned counselors according to housing location. Each counselor meets with offenders assigned to them after their release into general population. It is the counselor's responsibility to review each offender's progress at least once every 60 days.

Counselors are responsible for providing individual counseling for their caseloads. In most cases, the counselor is the initial person who assesses the various requests made by an offender. Counselors evaluate and refer offenders to the Assignment Committee for security reductions, institutional transfers, pre-release placement, furloughs and job placement. The counselor may also refer offenders to other departments and/or programs. The counselor is responsible for providing crisis intervention and referrals of offenders to the psychiatrist. Initial efforts to resolve grievances should also be initially presented to counselors. Counselors are also members of the Adjustment Committee, Assignment Committee, and Program Team. Clinical Services personnel handle the majority of responses required on incoming requests for information. They prepare Parole Progress Reports for the Prisoner Review Board. In general, the Clinical Services Department is concerned with the delivery of services to offenders. Clinical Services is also involved in assisting the institution in meeting its needs.

When you need to see your counselor after your placement in general population or in protective custody, send your counselor a request slip.

## HEALTH CARE SERVICES

Menard Health Care Unit provides the offender population of the Menard Correctional Center with medical, dental and psychiatric care at a level commensurate with good medical practices. The Health Care Unit within Menard Correctional Center consists of an Urgent Care Room, Treatment/Exam Rooms, Medical Records Department, Dental Clinic, Physical Therapy, Laboratory, Radiology Department, Eye Clinic, Orthopedic Exam Room, Drug Storage/Central Supply, and Inpatient Care/Infirmary areas.

The Health Care Unit provides 24 hour medical services and nursing coverage. If a medical problem develops that cannot be handled at Menard's medical facility, full arrangements are initiated for consultation with a specialist and/or transfer to an outside medical facility. Through a comprehensive health care vendor, contractual agreements have been made for consulting physicians and services to visit on site to provide evaluation, treatment and medical care to offenders by licensed staff. Basic laboratory services are which is equipped to perform all routine radiographic studies and special exams by licensed staff. Basic laboratory services are provided by an outside contracted certified laboratory with blood and specimen collection done on site.

Routine intake medical services at Menard consist of blood tests for syphilis, complete blood count and sickle-cell test, necessary tetanus immunizations, and a PPD skin test to rule out exposure to TB. A medical history will be taken by a registered nurse or a medical technician, and a physical examination is conducted by a medical doctor or a nurse practitioner. Dental and eye screening examinations are also conducted. Cooperation with the medical staff and procedures is appreciated.

Offenders are required to pay a $5.00 charge when they are provided with non-emergency medical/sick call or dental services. No offenders will be denied necessary health care because they cannot pay the $5.00 charge. The offender's trust fund account will be charged the $5.00 co-pay unless they are deemed indigent. Indigent means the offender's trust fund account does not have a balance of $5.00 or more or has not received more than $5.00 from either outside sources or state payroll for the last 60 days. Offenders who are new admissions or have transferred from another institution will be deemed indigent even if it has been under 60 days and meets the above criteria. If there is no such activity on the offender's trust fund account, the $5.00 co-pay is free of charge.

### Dental Services:

The Dental Clinic provides routine dental services, fitting of prosthetic devices as indicated, and is capable of taking impressions which are sent to an outside dental laboratory for construction. Routine dental extraction is performed at Menard with some procedures being referred to a consulting oral surgeon. Access dental services by submitting a sick call request and filling out the form completely to ensure proper processing. Dental treatment is scheduled on a priority basis as determined by the dentist upon evaluation.

### Sick Call Procedures:

The Health Care Unit has developed a system for providing for your health needs while you are an offender at Menard Correctional Center.

You are requested to report any non-emergency health problem in writing on a sick call slip. Fill in the form completely -- date, name, number, cell location and description of your medical complaint. These slips may be obtained from the officer, counselor or medical technician in your cellhouse. Place this slip in the box labeled for sick call (each cellhouse has its own box). The cell house medical staff will screen these slips by noon each day and schedule the offender to be seen the next day during sick call. Between the hours of approximately 7:30am and 10:00am, a correctional medical technician will come to the cell house to see those offenders scheduled for

51

sick call from the previous day's slips. If a sick call slip is put in, the offender must stay in his cell until seen. The medical technician will examine you and take appropriate action. If you have

an acute problem, you can be referred to the practitioner for care. If it is a longstanding chronic or minor problem, you will be placed on the physician's referral line. An appointment will be made to see a practitioner within 3 to 7 days.

## Cell house Sick Call Slips:

Monday through Friday – General Division and MSU: approximately 7:30 a.m. – 10:00 a.m.

Seven days per week, R&C, Disciplinary Segregation and Protective Custody: approximately 10:30 a.m. – 12:30 p.m. Sick call slips should be turned into your gallery officer, counselor, or cellhouse medical technician.

All requests for sick call services must be in writing. Verbal requests for sick call will only be accepted for emergency needs.

Injuries or emergency health situations should be reported to your supervisor immediately for direct referral to the Health Care Unit. Admission to the Health Care Unit is controlled by call/pass tickets. These are authorized by medical or security staff. Loitering in the Health Care Unit is not permitted.

Periodically you will be scheduled for follow-up for chronic illnesses and physical examinations. Please honor these call passes at the appointment time. Call passes are issued the evening prior to the call line. Accepting a call pass and subsequently failing to honor it may result in a disciplinary ticket. You may refuse a call pass by signing and returning it to the medical technician at time of issue.

If a physician orders medication for you, it is your responsibility to take the medication as ordered. You are to have your I.D. card available so the nursing staff can ensure the proper offender is receiving his prescribed medication.

## Medication Procedures:

It is the intent of the Health Care Unit to work with you to promote good health and maintain your safety with regards to medication compliance. As you know, should you become ill or injured, you should follow the established institutional procedure to access health care services. The Health Care staff will then evaluate you and determine if you need medication or other treatment. If a medicine is indicated and ordered, the Health Care staff will inform you of the name of the prescribed medicine. If you have any questions regarding your medication, please ask the Health Care Unit staff. If the medication is to be continued as ordered, it is essential that you comply with the medication procedures.

Certain medications require special monitoring and, therefore will be given to you one dose at a time. It is your responsibility to take and swallow the medication when the Health Care Unit staff member gives it to you. Saving medication is neither allowed nor in your best interest. Therefore, if the medication is delivered to you at your cell, please adhere to the following:

1. Be prepared to present your I.D. card.
2. Have water or another liquid available when the staff person gives you your pill.
3. Swallow the pill immediately in the direct observation of the staff. Be prepared to state your name and I.D. number and otherwise verify ingestion/swallowing to the satisfaction of the Health Care Staff member.
4. Failure to comply with the procedure and to follow this procedure will constitute a refusal of medication, and it may be discontinued as determined by the physician within clinical discretion.
5. Return the dispensing container to the Health Care Unit staff member.

Some medications will be ordered by the prescribing physician to be "crushed and floated" to ensure ingestion. Health Care staff must comply with these orders.

## Living Will

An offender who has reached his 18th birthday or who has been declared an emancipated minor may contact any Health Care Unit staff to request and to sign a living will at any time.

## Health Education

The Health Care Unit has a variety of health education programs, which can be individualized to meet your needs or concerns. Some topics/programs which are offered: HIV, Peer Education, Communicable Disease, Healthy Living, Smoking Cessation Classes, and a wide variety of handouts on specific issues. These can be obtained through sick call or written request to the Health Care Unit.

## HIV and AIDS

AIDS (Acquired Immune Deficiency Syndrome) is a fatal disease caused only by HIV (Human Immunodeficiciency Virus).
You shall be offered HIV testing and counseling, free of charge upon arrival and again prior to release.
Individuals whose immune system are not functioning and have developed opportunistic infections that ordinarily do not pose a threat to

52

1. The committed person shall not have the right to a new hearing, but shall be notified of the decision.

2. After the Adjustment Committee has amended its summary, it shall be forwarded to the Chief Administrative Officer and then to the Director in accordance with the procedures applicable to review of the original disposition.

D. Upon remand, sanctions greater than those imposed at the original hearing shall not be permitted unless the committed person is charged with a different offense which provides for a greater penalty than provided for under the original charge or new evidence is produced which was not available at the original hearing which justifies the imposition of greater punishment. However, this does not prohibit the committed person from being found guilty and disciplined on remand when the Adjustment Committee had erroneously dismissed the disciplinary report on procedural grounds.

## Program Unit Hearing Procedures:

A. The Program Unit hearing shall be convened, but need not be concluded, within 14 days after the commission of the offense or its discovery, whenever possible, unless the committed person is unable to participate in the hearing.

B. The committed person shall receive written notice of the facts and charges being presented against him prior to the hearing.

C. Any person who initiated the allegations which serve as the basis for the disciplinary report, or who conducted a formal investigation into those allegations, or who witnessed the incident, or who is otherwise not impartial shall not conduct a hearing on that report.

D. The hearing may be continued to obtain additional information or upon the committed person's written request and for good cause shown.

E. The committed person shall have the right to appear before and address the Program Unit Hearing Officer.

F. The Program Unit Hearing Officer may call witnesses and review any information relevant to the charge.

G. The committed person shall not have the right to retained or appointed counsel. The committed person may request the assistance of a staff member in the preparation of his defense if he is illiterate, does not speak English, or when other circumstances exist which preclude him from adequately preparing his defense.

H. The Program Unit Hearing Officer may return a disciplinary report to the Chief Administrative Officer with a recommendation for a hearing before the Adjustment Committee. The factors listed in Section 504.20(b) shall be considered when making this determination.

1. If approved by the Chief Administrative Officer, a hearing before the Adjustment Committee shall commence within 14 days after the approval, whenever possible.

2. If not approved, the disciplinary report shall be referred back for a hearing before the Program Unit which shall commence within 14 days after the decision not to approve the recommendation, whenever possible.

I. The Program Unit Hearing Officer may recommend any of the actions authorized in Section 504.80(k), except that the Officer may not recommend placement in segregation, revocation of good time, an increase in the committed person's security classification, or transfer to another correctional facility.

J. A record shall be signed by the Hearing Officer which contains a summary of oral and written statements and other evidence presented, the decision, and the disciplinary action recommended.

K. The summary shall be processed in accordance with Sections 504.80(o) and (p) and 504.90.

## Computation of Discipline for Multiple Offenses:

A. When a committed person has been found in violation of more than one offense arising from a single incident, the maximum penalty shall not exceed the maximum penalty for the most serious offense he is found to have committed.

B. When a committed person has been found in violation of more than one offense arising from separate incidents, the maximum penalty for each offense may be imposed, and such penalties shall run consecutively. For example, a committed person who is found guilty of assaulting several persons within a short period of time has committed multiple offenses which would be punishable consecutively.

Page 39 of 45

17

**Indeterminate Segregation Placement:**

A.  Within the first year of placement in indeterminate segregation and no less frequently than once every 180 days thereafter, the Director, Deputy Director, or Assistant Deputy Director shall personally review the indeterminate placement of committed persons in disciplinary segregation. This review shall include a face-to-face interview with the committed person by staff. The Director, Deputy Director, or Assistant Deputy Director may continue the committed person on an indeterminate segregation term or establish a specific segregation release date.

B.  In determining whether to establish a specific segregation release date, the Director may consider, among other matters:
    1.  The seriousness of the offense;
    2.  The safety and security of the facility or any person;
    3.  The committed person's behavioral and disciplinary history;
    4.  Reports and recommendations concerning the committed person;
    5.  The interview and any submissions of relevant material and information;
    6.  Institutional order; and
    7.  Other legitimate penological interests.

C.  A copy of the decision shall be provided to the committed person and the facility Record Office.

D.  A committed person in disciplinary segregation for an indeterminate term may seek a reduction in the segregation placement in accordance with Section 504.120.

**Reduction in Segregation Placement:**

A.  A committed person shall receive credit against the term of segregation placement for time spent in temporary confinement or in investigative status.

B.  A committed person may petition the Adjustment Committee no more often than every 90 days to reduce the segregation term based on his conduct while in segregation.

C.  The Adjustment Committee may either recommend reduction of the original segregation term imposed or deny the petition.

D.  The Committee's recommendation shall be reviewed by the Chief Administrative Officer. A copy of the decision shall be provided to the committed person and the facility record office.

**Demotion and Restoration in Grade:**

A.  Privileges shall be afforded to committed persons based upon their current grade, in the following manner:

    1.  Committed persons in A grade shall be eligible to receive all institutional privileges. Newly admitted committed persons shall be placed in A grade.

    2.  Committed persons in B grade shall be eligible to receive all institutional privileges except for a day release program or a furlough other than a medical or funeral furlough.

    3.  Committed persons in C grade shall be eligible to receive no privileges except yard, commissary, and visits. A committed person may purchase (up to $30) personal hygiene items and other items approved by the Chief Administrative Officer based on the committed person's institutional status from the commissary once each 30 day period while in C grade. The 30 day period shall commence on the date of placement into C grade.

B.  A committed person who has been demoted to B or C grade as a result of a disciplinary infraction shall be automatically promoted to the next highest grade at the expiration of the time period specified by the Adjustment Committee.

C.  A committed person who has been demoted to C grade and automatically placed in B grade after expiration of the time period specified by the Adjustment Committee shall be required to spend the same time period in B grade as in C grade. Upon expiration of this time period, the committed person shall be restored to A grade.

D.  A committed person may petition the Adjustment Committee for restoration in grade based upon his good conduct and institutional record no more often than every 90 days. A copy of the Committee's decision shall be provided to the committed person.

**Restitution Procedures:**

A.  The Adjustment Committee or Program Unit may recommend that the committed person make restitution in any amount not to exceed actual out-of-pocket expenses or loss caused by the conduct of the committed person. The Adjustment Committee or Program Unit shall document the amount and the conditions of payment.

E.  Committed persons are presumed to be responsible for any contraband or other property prohibited by this Part, which is located on their person, within their cell or within areas of their housing, work, educational, or vocational assignment, which are under their control. Areas under a committed person's control include, but are not limited to, the door track, window ledge, ventilation unit, plumbing, and the committed person's desk, cabinet, shelving, storage area, bed, and bedding materials in his housing assignment; and desk, cubicle, work station, and locker in his work, educational, or vocational assignment. If the committed person produces evidence which convinces the Adjustment Committee or Program Unit that he did not commit the offense, the committed person shall be found not guilty.

## Preparation of Disciplinary Reports:

A.  Every employee has the duty to observe the conduct of committed persons.

B.  If an employee observes a committed person committing an offense, discovers evidence of its commission, or receives information from a reliable witness of such conduct, he shall prepare a disciplinary report. However, if the infraction is one of those listed in the 400 series in Table A and the employee determines a disciplinary report is not necessary, he may orally reprimand the committed person.

C.  The disciplinary report must be fully completed. The reporting employee shall provide the following information to the extent known or available.

  1.  The name and register number of the committed person.
  2.  The place, time and date of the offense.
  3.  The offense which the committed person is alleged to have committed.
  4.  A written statement of the conduct observed.
  5.  The names of committed persons, employees and visitors who were witnesses. The identity of witnesses may be withheld for reasons of security provided a statement to that effect and the information the confidential source provided are included on the disciplinary report to the extent the information can be included without jeopardizing security.
  6.  The signature of the reporting employee and the date and time the report is completed.

D.  If a committed person is suspected of committing a disciplinary offense, an investigative disciplinary report, hereinafter referred to as an investigative report, may be issued which reasonably informs the committed person of the subject of the investigation to the extent that safety and security allow.

## Temporary Confinement:

A.  The shift supervisor shall determine whether or not it is necessary to place the committed person in investigative status or in temporary confinement status pending a disciplinary hearing or a determination whether or not to issue a disciplinary or investigative report in accordance with Section 504.30. The decision to place a committed person in temporary confinement may be based, among other matters, on:

  1.  The aggressiveness of the committed person;
  2.  The threat posed to the safety and security of the facility or any person;
  3.  The need to restrict the committed person's access to general population to protect the individual from injury or to conduct the investigation; or
  4.  The seriousness of the offense

## Review of Disciplinary Reports:

A.  The Chief Administrative Officer shall designate one or more Reviewing Officers.

B.  The Reviewing Officer shall review the decision to place a committed person in temporary confinement within three days of such placement, whenever possible, and may order release from or placement in temporary confinement. Among other matters, the factors listed in Section 504.40(a) may be considered. If a disciplinary or investigative report has not been written within three days of placement in temporary confinement, the Reviewing Officer shall inform the Chief Administrative Officer.

C.  A committed person who receives an investigative report shall be interviewed by the Reviewing Officer in order to permit the committed person an opportunity to present his views regarding placement in investigative status. The interview shall be conducted within 14 days after initial placement in investigative status, whenever possible.

  1.  The Reviewing Officer shall recommend whether to continue placement of the committed person in investigative status. Among other matters, factors listed in Section 405.40(a) may be considered. The Chief Administrative Officer shall make the final determination.

  2.  The committed person shall be informed of the decision and the decision shall be documented in writing.

**Manuscripts:**

A committed person may submit a manuscript for publication but shall not enter into contractual agreements with publishers for a regularly published column.  Individuals may submit manuscripts to any market listed in the book, *Writer's Market*, published by Writer's Digest Books, 9933 Alliance Road, Cincinnati, Ohio 45242.  A copy of this book can be found in the Library.

**Business Ventures:**

A.  All committed persons are required to inform the Chief Administrative Officer or his designee of the following in writing before entering into any business venture:
1. Type of business;
2. Service or product to be provided;
3. Anticipated mail volume (incoming and outgoing); and
4. Date the business will begin.

B.  The Chief Administrative Officer or his designee shall determine the facility's capability to handle any administrative burden generated by a business venture and shall specify reasons for denial of such a request in writing unless inappropriate because of safety or security considerations.

C.  No committed person shall sell any property, product or service, either individually or through a business entity in which he has a personal or economic interest, to any other committed person or employee.

## Cleanliness and Grooming for Committed Person (DR 502)

Committed persons may have any length of hair, sideburns, mustaches or beards as long as they are kept neat and clean and do not create a security risk.

Department rules allow for the imposition of an individual grooming policy when an offender's hairstyle (including facial hair) creates a security risk or health or sanitation problem.  In accordance with this rule, an individual grooming requirement may be imposed on those offenders who continuously change their appearance and thereby interferes with the orderly function of the facility or on offenders who maintain their hair (including facial hair) in the following manner:

- Hairstyles that may signify affiliation with Security Threat Groups, including but not limited to initials, symbols, multiple parts, hair disproportionately longer in one area than another (excluding natural baldness);
- Hair that poses a health or sanitation problem;
- Hairstyles that create a risk that contraband hidden in the hair cannot be detected or that impede searches for contraband or that pose a risk that contraband hidden in the hair may injure the employee(s) charged with searching the offender.

Those offenders who maintain their hair in the above manner and who refuse to comply with an order to either undo the hairstyle or to submit to a haircut may be subject to disciplinary action, and if necessary, forcibly changing the hairstyle.

## Discipline (DR 504)

**Offenses and Maximum Penalties:**

The conduct identified in Table A shall be considered disciplinary infractions for which a penalty up to the maximum penalties listed may be imposed.

A.  No committed person shall be found guilty of any violation of these rules without a hearing before the Adjustment Committee or Program Unit. If a committed person is transferred from one facility to another while pending a hearing, the individual shall be provided with an opportunity to present a defense at any subsequent disciplinary hearing held at the receiving facility that is comparable to that which would have been afforded, in accordance with this Subpart, at the sending facility.

B.  In determining the appropriate sanctions, the Adjustment Committee or Program Unit, the Chief Administrative Officer, and the Director may consider, among other matters, mitigating or aggravating factors such as:
1. The committed person's mental state at the time of committing the offense;
2. The extent and degree of participation in the commission of the offense;
3. The amount or nature of stolen property, contraband or injury; and
4. The committed person's prior disciplinary record.

C.  Corporal punishment, disciplinary restrictions on diet, medical or sanitary facilities, mail, or access to legal materials shall be prohibited.

D.  Disciplinary restriction on visitation, work, education, program assignments, or use of the library shall be related as closely as practicable to the abuse of such privileges.

11

STATE OF ILLINOIS )
                  )SS
COUNTY OF Randolph

## AFFIDAVIT

I, Wilfredo Sanchez do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

ON March 12th 2014  My Cellie Jose Nicolas Osbaldo providing to the grievance - Officer the following papers: A grievance Dated 3/12/14 Attached with exhibit 'A' B' C' C1 D D1 and D-2. grivence mark disciplinary report of date Feb 5th 2014 via mail at the Menard CORR CTR to Ms. Linda Carty.

I am giving this information willfully because I believe and know it is the right thing to do.

Also on April 9 2014 I am a witness to this same date that inmate Jose nicolas osbaldo tried to give counselor Hill the same grievance but refused to take it because she had received it before already she also stated that she needed time to enter the grievance

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this  12th day of   March  , 200 4
                 9th          APRil      2014

                          wilfredo Sanchez
                                        Affiant

Page 41 of 45

Exhibit

4-27-14

Jose-Nicolas Osbaldo
R-72183                    N° 6-12

Dear Ms. Linda Carter

Good Morning! I'd send Two grievance, one marked "Emergency" and one in the normal way if not emergency to Counselor Ms. Hill on 3-30-14. She came in 2 gallery N° on 4-9-14. I give her an envelope telling her that is about my tickets, she said that she got my grievance and told me that she need time to respond and handed me back the envelope. I hadn't got respond from Ms. Hill I got moved on 4-24-14. in 6 gallery cell 12. here it's forward the same grievance one "Emergency" and one in the normal way if not emergency.

          Thank you for you attention and time have a nice day.

                              Respectfully
                              Jose Nicolas Osbaldo.
                              R-72183

Page 42 of 45

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 3-30-14 | Offender: (Please Print) JOSE NICOLAS OSBALDO | ID#: R-72183 |
|---|---|---|
| Present Facility: Menard Correctional Center | Facility where grievance issue occurred: Menard C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ ADA Disability Accommodation
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☐ Other (specify): _____

☒ Disciplinary Report: _2_ _15_ _19_ · Menard Correctional Center
          Date of Report           Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

ON Feb. 5/14 ticket states Approximate time 11:15 am see exhibit (A)
ON Feb. 5/14 ticket states Approximate time 11:30 am see exhibit (B).
I wented to the Adjustment Committee on Feb. 10/14 12:16 pm see
exhibit (C); (C1) The Adjustment Committee violate my 14 Amendment US Constied
ON Feb. 5/14, exhibit (A) does not satisfy 20 ILLINOIS ADMINISTRATIVE
CODE CH I SEC. 504.30. It failed to state the following:
paragraph (2) The place, time and date of the offense.
paragraph (5) The names of committed persons, employees and visitor who
were witnesses. The identity of witnesses may be withheld for reasons over

**Relief Requested:** I would like reconsideration in exhibit (B) ticket.
I'am totally innocent in exhibit (A). → continue on reverse side

G.05

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____     ____     _/__/__
Offender's Signature        ID#        Date
      (Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

| Date Received: 4 , 18 , 14 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 15277, Springfield, IL 62794-9277 |
|---|---|---|

Response: Out of time frame. All grievances are
answered and return in a timely manner
per AD's and ID's.

_____Hill_____     ___SH___     4,30,14
Print Counselor's Name      Counselor's Signature      Date of Response

---

**EMERGENCY REVIEW**

| Date Received: _/_/_ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

_____       _/_/_
Chief Administrative Officer's Signature      Date

of security provided a statement to that effect and the information
the confidential source provided are included on the disciplinary
report to the extent the information can be included without
jeopardizing security.

I told the Adjustment Committee the same facts mentioned above
and pled (NO GUILTY TO THE CHARGES).

In the final summary report the Adjustment committee
founded me (GUILTY) and the basis for decision is, see
exhibit (c), BASIS FOR DECISION.
        BASIS FOR DECISION states
ALL FOUND IN PROPERTY BOX# 008851. ALSO FOUND ONE ALTERED
TV. (see) exhibit (A) states KTV.
   see exhibits (D);(D1);(D2), those facts show my innocent.
   all those facts mentioned above support ticket in exhibit (A)
Violated Constitution of State of Illinois Article 1 sec. 2
On Feb. 5/14, see exhibit (B) I was placed in the West-cell-
House Even side holding cell, I was placed there after came
back from chow odd side. After 2 gallery wented by
Inmates talked to us saying "you good" I answer "yea I'm good"
Sgt. Qualls told me "face to the wall" I complied, and sgt said
"sit the fuck down" I said the floor is cold, and I refused to sit
down on the cold floor I heard C/o correctional Officer said you too
"face to the wall" to another Inmate C/o immediatly said "No
cuff up" Inmate complied; C/o told me "cuff up" and I walked
backwards and complied...

        Continued Relief: I would like to be out of segrega-
tion as soon as possible.

G.05