IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSE-NICHOLAS OSBALDO, | ) | |
| No. R72183, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00964-JPG |
| | ) | |
| NATHAN J. BERRY, | ) | |
| ROBERT E. HUGHES, | ) | |
| JASON N. HART, | ) | |
| RICHARD HARRINGTON, | ) | |
| LINDA CARTER, | ) | |
| S. HILL, | ) | |
| KIMBERLY BUTLER, and | ) | |
| MARVIN BOCHANTIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jose-Nicholas Osbaldo is an inmate currently housed at Menard Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to a 2014 disciplinary conviction.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, C/O Nathan J. Berry issued Plaintiff a false disciplinary report, charging him with possession of drugs and/or drug paraphernalia (homemade alcohol and a needle), as well as damage or misuse of property (a television set). (Doc. 1, p. 31).

The Adjustment Committee, comprised of Lt. Robert Hughes and Sgt. Jason N. Hart, conducted a hearing. Plaintiff asked C/O Berry for a written statement reflecting where the contraband was found, and Plaintiff requested additional time to prepare his defense. The Committee denied his request(s), although the Committee's report reflects that witnesses were requested (Doc. 1, p. 33). Berry and C/O Snell (who was involved in the cell search that resulted in the disciplinary report) both testified. Plaintiff pleaded not guilty, but was found guilty based on the disciplinary report and Berry and Snell's testimony affirming the correctness of the report (Doc. 1, p. 33). The Committee recommended segregation for six months, as well as demotion to C-grade, commissary restrictions and the loss of contact visits for six months (Doc. 1, p. 33). Plaintiff asserts that he asked the Adjustment Committee for permission to appeal, but his request was refused. Ultimately, Warden Richard Harrington adopted the Committee's report and recommended punishment; the decision was conveyed to Plaintiff on February 26 (Doc. 1, p. 34).

Plaintiff pursued an administrative appeal of his disciplinary conviction, in that on March 12, 2014, he submitted a grievance to Grievance Officer Linda Carter, but never received a response (Doc. 1, pp. 13-14). On March 30, Plaintiff submitted two virtually identical grievances to Counselor Hill, one marked as an emergency (Doc. 1, pp. 25-28). Plaintiff asserted that the disciplinary report and Committee report were not issued in full compliance with administrative rules requiring the date, time and place of the offense be stated, and the names of witnesses be listed (*see* Doc. 1, p. 29; *compare* Doc. 1, pp. 31-32 *and* Doc. 1, p. 33).

After not receiving a response to his grievances, Plaintiff hand delivered another grievance to Counselor Hill on April 9—although Hill acknowledged receiving the initial grievances and indicated that she just needed time to respond. On April 27, Plaintiff filed a grievance taking issue with Hill's delay in responding to his grievances. On April 30, Hill finally responded, denying the grievances as being filed late—beyond the 60 day period prescribed by DR504F (*see* Doc. 1, pp. 25, 29, 45). Hill counted the 60-day period for appeal from the date of Warden Harrington's adoption of the Adjustment Committee report, not from the date Plaintiff was notified of the final disciplinary decision (*see* Doc. 1, p. 22).

A grievance collectively attacking the previous denial of grievances regarding the disciplinary action was denied in May 2014 by Grievance Officer Marvin Bochantin (Doc. 1, p. 21). Warden Kim Harington approved the denial of Plaintiff's grievances at the institutional level (Doc. 1, p. 21), and S.A. Godinez, Director of the Illinois Department of Corrections, gave final approval of the denial of the grievances (Doc. 1, p. 22).

According to the complaint, in segregation Plaintiff was housed behind a steel door in a filthy cell. He was not given cleaning supplies. The toilet leaked and water accumulated in

spots. The cell was moldy, hot and humid, and there was no fan. Plaintiff was told that there were no fans available. Plaintiff was also not permitted to change his jumpsuit.

Based on the allegations in the complaint and supporting documentation, and consistent with how Plaintiff frames the issues (*see* Doc. 1, pp. 17-19), the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: C/O Berry issued a false ticket in violation of the Fourteenth Amendment, and conducted an illegal cell search in violation of the Sixth Amendment;**
>
> **Count 2: Adjustment Committee member Hughes denied Plaintiff's request for a witness(s) and failed to inform Plaintiff of his right to appeal, in violation of the Fourteenth Amendment;**
>
> **Count 3: Adjustment Committee member Hart failed to conduct a proper investigation, in violation of the Fourteenth Amendment;**
>
> **Count 4: Warden Harrington failed to "address" the Adjustment Committee decision, in violation of the Fourteenth Amendment;**
>
> **Count 5: Grievance Officer Carter failed to respond to Plaintiff's grievances, thereby interfering with his access to the courts, in violation of the First and Fourteenth Amendments;**
>
> **Count 6: Counselor Hill failed to timely respond to Plaintiff's grievances, and by "interfering" with its transmission to a grievance officer, in violation of the First and Fourteenth Amendments;**
>
> **Count 7: Warden Butler failed to "readdress" the Adjustment Committee report, in violation of the First and Fourteenth Amendments;**
>
> **Count 8: Grievance Officer Bochantin failed to reconsider Plaintiff's grievance in violation of the First and Fourteenth Amendments.**

No Eighth Amendment claims regarding the conditions of confinement in segregation have been recognized because there is no suggestion that those conditions were the work of any

of the named defendants. Any intended Eighth Amendment claims should be considered dismissed without prejudice.

## Discussion

The complaint fails to state a claim and must be dismissed for the following reasons.

### Counts 1-4

Count 1, in part, alleges that C/O Berry committed "an illegal search" in violation of the Sixth Amendment. The Sixth Amendment, in pertinent part, requires that a criminal defendant be informed to the nature and cause of the accusation. U.S. Const. Amend. VI. After reading the complaint as a whole, the Court construes that allegation as pertaining to Plaintiff's assertion that the disciplinary report issued by Berry did not state precisely where the contraband items were found in his cell. Criminal charges were not lodged against Plaintiff (and he did not lose good time credits or otherwise impact his sentence), so the Sixth Amendment is inapplicable. *See Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994). The Sixth Amendment aspect of Count 1, therefore, will be dismissed with prejudice.

Counts 1-4 otherwise present Fourteenth Amendment due process claims related to the issuance of the disciplinary ticket and subsequent Adjustment Committee proceedings. In *Wolff v. McDonnell,* 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556–572. The minimum procedural due process requirements in disciplinary proceedings include: (1) advance written notice of the charges against him; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present

documentary evidence in his defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff,* 418 U.S. at 563–69. In addition, the decision of the Adjustment Committee must be supported by "some evidence." *Black v. Lane,* 22 F.3d 1395 (7th Cir. 1994). In other words, courts must determine whether the disciplinary decision has some factual basis. *Webb v. Anderson,* 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

For purposes of triggering due process protections, an inmate has a liberty interest in avoiding placement in more restrictive conditions, like segregation, when the conditions "pose an atypical and significant hardship when compared to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483–84 (1995).

"[I]f the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh," then some process is needed. *Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 698 (7th Cir. 2009). When the period of confinement is lengthy, courts should examine the conditions in segregation and compare those to the conditions outside of segregation to determine whether process is necessary. *See id.* (collecting cases and noting that a year of segregation requires examination of the "factual record"). However, when the period of confinement is short, the Seventh Circuit has "affirmed dismissal without requiring a factual inquiry into the conditions of confinement." *Id.* (citing cases where prisoner was placed in segregation for fifty-nine days, sixty days, and seventy days, respectively, and no factual inquiry into the severity of segregation conditions was necessary.

Six months of segregation is "not such an extreme term," standing alone, and would not trigger due process rights. *See Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 (7th

Cir. 2009). The complaint describes the conditions in segregation to a degree that permits the Court to at least conclude that the conditions described in the complaint do not appear atypical, even insofar as some of those conditions may have lasted for six months. *See generally Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005).

Similarly, even if Plaintiff was issued a false disciplinary ticket, without more, that does not give rise to a Fourteenth Amendment claim. This is because "due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses[,] [and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report." *Hadley v. Peters,* 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir. 1995) (citations omitted).

The disciplinary hearing and Adjustment Committee report will not be analyzed further because a right to due process has not been triggered. However, the due process claims in Counts 1-4 will be dismissed without prejudice to provide Plaintiff an opportunity to file an amended complaint.

Relative to Count 4, the Court further notes that the allegation that Warden Harrington adopted the Adjustment Committee's report, at best, indicates only that Harrington might have had reason to question whether internal procedures were followed. The failure of state prison officials to follow their own procedures does not, by itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir. 1982). Thus, no claim has been stated against Warden Harrington. Again, dismissal without prejudice is appropriate.

### Counts 5-8

Counts 5-8 pertain to the denial at various administrative levels of Plaintiff's grievances attacking his disciplinary conviction. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson,* 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli,* 81 F.3d at 1430. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, by itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir. 1982). The due process aspects of Counts 5-8 will be dismissed with prejudice.

Counts 5-8 also assert that Plaintiff's grievances were unanswered and delayed, thereby impeding his access to the courts in violation of the First Amendment. A prisoner is required to exhaust available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). If the administrative grievance process is rendered unavailable by prison officials, as Plaintiff alleges, the exhaustion requirement is satisfied and there is no impediment to filing suit. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). Plaintiff's access to the Courts has in no way been impeded; therefore, all First Amendment claims in Counts 5-8 will be dismissed with prejudice.

### Motion for Counsel

The dismissal of the complaint, and Plaintiff's motion for recruitment of counsel (Doc. 3) beg the question, Can Plaintiff proceed *pro se*? *Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015). There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v.*

*Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff indicates that he attended high school, but English is not his primary language and he cannot speak or write English to a degree that would allow him to prosecute this case *pro se*. Another inmate assisted Plaintiff in drafting the complaint. He also attaches documentations of his many unsuccessful attempts to secure representation (also reflecting that he must rely upon an interpreter). The assignment of an attorney to represent Plaintiff is warranted in this situation; Plaintiff's motion (Doc. 3) will be granted.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, the Sixth Amendment claim against Defendant **NATHAN J. BERRY** in **COUNT 1** is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the due process claims in **COUNTS 1-4** and Defendants **NATHAN J. BERRY, ROBERT E. HUGHES, JASON N. HART and RICHARD HARRINGTON** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the First Amendment and Fourteenth claims in **COUNTS 5-8** against Defendants **LINDA CARTER, S. HILL, KIMBERLY BUTLER and MARVIN BOCHANTIN** are all **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel (Doc. 3) is **GRANTED**; attorney **ARTHUR LOEVY** of Loevy & Loevy, Chicago, Illinois, is **ASSIGNED** to represent Plaintiff Jose-Nicola Osbaldo in this civil rights case. On or before **October 23, 2015**, assigned counsel shall enter his/her appearance in this case. Attorney Arthur Loevy is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Doc.1 to attorney Arthur Loevy. The electronic case file is available through the CM-ECF system.

Plaintiff is **ADVISED** that the Court will not accept any filings from him individually while he is represented by counsel, except a pleading that asks that he be allowed to have counsel

withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

**IT IS FURTHER ORDERED** that, on or before **November 20, 2015**, Plaintiff, by and through counsel, shall file an amended complaint. The amended complaint will then undergo preliminary review.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court, his assigned counsel, and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 8, 2015**

*s/J. Phil Gilbert*
**United States District Judge**