IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OSBLADO JOSE-NICOLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-964-NJR-DGW |
| | ) |
| NATHAN BERRY, WILLIAM QUALLS, | ) |
| JUSTIN SNELL, MATTHEW PURDOM, | ) |
| AIMEE LANG, ROBERT HUGHES, | ) |
| JASON HART, | ) |
| RICHARD HARRINGTON, and | ) |
| KIMBERLY BUTLER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Currently pending before the Court is the motion for partial summary judgment on the issue of exhaustion filed by Defendants Nathan Berry, Aimee Lang, Matthew Purdom, William Qualls, and Justin Snell on April 28, 2016 (Doc. 48). Based on the parties' representations, the Court has determined there are no material facts in dispute and therefore the motion can be resolved without a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (*See* Docs. 183, 184). For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff Osbaldo Jose-Nicolas, an inmate currently incarcerated at the Menard Correctional Center, is proceeding on a Second Amended Complaint filed on May 2, 2016 (Doc. 50). Plaintiff, who is represented by counsel, is proceeding on claims that

arose out of an incident that occurred on February 5, 2014. In short, Plaintiff alleges that he was attacked and beaten on that day by Defendants Nathan Berry and William Qualls; that Defendants Justin Snell and Matthew Purdom witnessed the attack but did nothing; that Defendant Aimee Lang failed to provide medical care following the attack; that he was deprived of due process at a subsequent disciplinary hearing by Defendants Robert Hughes, Jason Hart, and Richard Harrington; and that he endured unconstitutional conditions of confinement during the six months of segregation that was imposed as a result of the disciplinary hearing and those conditions were known by Defendants Richard Harrington and Kimberly Butler (Doc. 50, pp. 1-2). Based on these allegations, Plaintiff asserted an excessive force claim against Berry and Qualls (Count 1); a failure to intervene claim against Berry, Qualls, Snell and Purdom (Count 2); a deliberate indifference claim against Berry, Qualls, Snell, Purdom, and Lang (Count 3),[1] a due process claim against Hughes, Hart, and Harrington (Count 4); a conditions of confinement claim against Harrington and Butler (Count 5); state law claims of assault and battery against Berry and Qualls (Counts 6 and 7); a state law claim of intentional infliction of emotional distress claim against Berry and Qualls (Count 8); a state law claim of negligence against all Defendants (Count 9); and a claim for "Indemnification" against all Defendants.[2]

Defendants Berry, Qualls, Snell, Purdom, and Lang now seek partial summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies on his

---

[1] Plaintiff also named Dr. John Trost in Count 3, however, Dr. Trost has since been voluntarily dismissed from this action (Doc. 64).
[2] Plaintiff asserted a claim for "Respondeat Superior" against Wexford in Count 10, but Wexford has since been voluntarily dismissed from this action (Doc. 64).

deliberate indifference claim (Count 3) (Doc. 48). Plaintiff filed a response in opposition to the motion (Doc. 55). Defendants did not file a reply.

The undisputed evidence reveals that there is only one grievance related to the allegations in Count 3, which is an emergency grievance dated February 26, 2014 (Doc. 55-2). In that grievance, Plaintiff indicated that he had been assaulted and battered on February 5, 2014 (Doc. 55-2, p. 1-2). In the section titled "Nature of Grievance," Plaintiff checked the box for "staff conduct" but did not check the box marked "medical treatment" (*Id.*) However, in the section titled "Summary of Grievance," Plaintiff stated that he suffered various injuries as a result of the beating and that:

> I asked for medical attention and was seen by medical staff (Ms. Lane) two (2) days later. I was seen by another medical staff (Name unknown) and also she reffered [sic] me to have [an] x-ray taken. I also seen a dentist and he noticed the clicking on my jaw and reffered [sic] me to an x-ray. (2/7/14).
>
> This is a violation of my 8th Amendment right which forbids "Cruel and Unusual" punishment. . . . The c/o's (Correctional Officers) used excessive force while I was handcuffed.

(*Id.*). For relief, Plaintiff requested:

> Leave without pay (2) weeks to the correctional officers at west-cell house that were present/working 2/5/15. Award me with $10,000 in punitive damages, Compensatory damages and whatever Springfield or the Court seem necessary for the excessive for[ce] and deliberate indifference caused on me by these OFFICERS.

(*Id.*)

In the response to Plaintiff's grievance, the grievance officer reviewed the facts as alleged by Plaintiff and stated in pertinent part that "Offender was taken to North 2 where offender asked for medical attention but did not receive until 2 days later"

(Doc. 55-3). The response goes on to say:

> Grievance Officer referred grievance to Health Care and to Internal Affairs at the request of the Warden.
>
> Per Health Care Unit: Offender was seen on 2/5/14 and complained of head and right jaw and left wrist and legs hurting. Was seen again on 2/7/14 for jaw still hurting and referred to the Dentist on the same day. Last follow up with Dentist was on 2/14/14.

(Doc. 55-3).

The grievance officer recommended denying the grievance, and the warden concurred with that recommendation on March 6, 2014 (Doc. 55-3). Plaintiff appealed to the Administrative Review Board, who affirmed the Warden's decision on or about June 26, 2014 (Doc. 4).

## LEGAL STANDARDS

### A. Summary Judgment

The standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is appropriate where the admissible evidence shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. A "material fact" is one identified by the substantive law as affecting the outcome of the suit. A "genuine issue" exists with respect to any such material fact . . . when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." On the other hand, where the factual record taken as a whole could *not* lead a rational trier of fact to find for the non-moving party, there is nothing for a jury to do. In determining whether a genuine issue of material fact exists, we view the record in the light most favorable to the nonmoving party.

*Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 681 (7th Cir. 2014) (citations omitted).

### B. Exhaustion

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their

administrative remedies through the prison's grievance process before filing a civil rights suit pertaining to prison conditions. 42 U.S.C. § 1997e(a); *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). The purpose of the exhaustion requirement is to "alert prison officials to perceived problems and to enable them to take corrective action without first incurring the hassle and expense of litigation." *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). *See also Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007)).

"The exhaustion requirement is interpreted strictly; thus, a 'prisoner must comply with the specific procedures and deadlines established by the prison's policy.'" *Pyles*, 829 F.3d at 864 (quoting *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015)). As an inmate confined in the Illinois Department of Corrections ("IDOC"), Plaintiff was required to follow the three-step process outlined in the Illinois Administrative Code. *Pyles*, 829 F.23d at 864 ("State law determines the administrative remedies that a state prisoner must exhaust for PLRA purposes."). First, an inmate must attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE, title 20, § 504.810(a). If the complaint is not resolved, the inmate must submit a written grievance to the grievance officer. *Id.* at § 504.810(b). The grievance must include "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." *Id.*

The grievance is then considered by the grievance officer and the chief administrative officer at the facility (usually the warden), who must issue a decision within two months of receiving the grievance "where reasonably feasible under the

circumstances." *Id.* at § 504.830(d). If the inmate is unsatisfied with the chief administrative officer's decision, he can appeal to the Administrative Review Board for a final determination from the director of the IDOC. *Id.* at 504.850(a). The appeal must be filed within 30 days of the date of the chief administrative officer's decision. *Id.*

### DISCUSSION

There is no dispute that Plaintiff's grievance was properly and timely submitted and appealed. Defendants argue, however, that the grievance "does not allege Plaintiff was denied medical care. In fact, the grievance states he was seen by medical staff on the date of the incident, two days later, and again by a dentist" (Doc. 49, p. 7). Defendants go on to state that "Plaintiff's grievance here does not alert prison officials to any issues with his medical treatment" (Doc. 49, p. 8).

Defendants ignore, however, that the prison read the grievance to include a complaint about medical care. In particular, the grievance officer stated that "offender asked for medical attention *but did not receive until 2 days later*" (Doc. 55-3) (emphasis added), which certainly suggests that the grievance officer believed that Plaintiff was complaining about the delay in medical care. Additionally, the warden himself directed the grievance officer to discuss the grievance with the Healthcare Unit (Doc. 55-3), which suggests the warden also believed that Plaintiff was complaining about medical care. The Court acknowledges that the grievance on its face appears to merely describe Plaintiff's medical treatment and does not explicitly (or perhaps implicitly) complain about such care. The prison, however, read the grievance to complain about that very issue and responded accordingly. *See e.g. Espinal v. Goord*, 558 F.3d 119, 128 (2nd Cir.

2009) (finding that a prisoner exhausted claims that were in fact investigated by prison personnel). Therefore, it is clear that the prison was on notice of Plaintiff's claim that he was denied adequate medical care after the alleged assault on February 5, 2014. The grievance, while not artful, served its function and complied with the Illinois Administrative Code. Thus Plaintiff is deemed to have exhausted his administrative remedies as to Count 3.

### COUNT 5 AND DEFENDANT KIMBERLY BUTLER

As a final matter, the Court *sua sponte* addresses the status of Count 5 and Kimberly Butler as a Defendant in this case. Plaintiff asserted a claim for conditions of confinement claim against Defendants Richard Harrington and Kimberly Butler (Count 5). However, that claim was previously severed by the Court into a new case—*Osbaldo v. Harrington*, 3:15-cv-1317-NJR-DGW (Doc. 17). Also, to the extent the related state law claims in Count 9 for negligence and Count 11 for indemnification pertained to Count 5, Butler, and Harrington, those claims were also severed and became part of the new case (Doc. 17). Consequently, there are no pending claims against Defendant Butler in this action, she was never served with process, and she has never appeared. For this reason, she must be dismissed as a Defendant. Count 5 also must be dismissed from this action.

### CONCLUSION

The motion for partial summary judgment on the issue of exhaustion filed by Defendants Nathan Berry, Aimee Lang, Matthew Purdom, William Qualls, and Justin Snell on April 28, 2016 (Doc. 48) is **DENIED**. Count 5 for unconstitutional conditions of confinement and Defendant Kimberly Butler are **DISMISSED with prejudice** from this action.

This case will proceed on the following Counts against the following Defendants:

- Count 1 for excessive force against Berry and Qualls;

- Count 2 for failure to intervene against Berry, Qualls, Snell, and Purdom;

- Count 3 for deliberate indifference Berry, Qualls, Snell, Purdom, and Lang;

- Count 4 for violation of due process against Hughes, Hart, and Harrington;

- Count 6 for assault against Berry and Qualls;

- Count 7 for battery against Berry and Qualls;

- Count 8 for intentional infliction of emotional distress claim against Berry and Qualls;

- Count 9 for negligence against Berry, Qualls, Snell, Purdom, Lang, Hughes, Hart, and Harrington; and

- Count 11 for "Indemnification" against Berry, Qualls, Snell, Purdom, Lang, Hughes, Hart, and Harrington.

**IT IS SO ORDERED.**

**DATED:** December 30, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**