IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| OSBALDO J. NICOLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 0964-NJR-DGW |
| | ) |
| NATHAN BERRY; WILLIAM QUALLS; | ) |
| JUSTIN SNELL; MATTHEW PURDOM; | ) |
| ROBERT HUGHES; JASON HART; | ) |
| RICHARD HARRINGTON; KIMBERLY | ) |
| BUTLER AND AIMEE LANG, | ) |
| | ) |
| Defendants. | ) |

**RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

NOW COME Defendants, RICHARD HARRINGTON, ROBERT HUGHES, WILLIAM QUALLS, JUSTIN SNELL, JASON HART, MATTHEW PURDOM, NATHAN BERRY, and AIMEE LANG, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and in response to Plaintiff's Statement of Additional Facts (Doc. 99), hereby state as follows:

1. On February 5, 2014, in the West House at Menard Correctional Center, Defendants Sergeant Qualls and Officer Berry disciplined Plaintiff by taking him to the shower area and levering punches and kicks upon him until Plaintiff lost consciousness. *See generally Ex. 1 (Plaintiff's Dep.) at 23:13-33:12*.

> **RESPONSE: This Additional Fact is disputed. Defendants deny this took place. (See Plaintiff's Exhibit 2, Document 101-2, page 2 of 5, deposition page 6:17-21; Plaintiff's Exhibit 8, Document 101-8, page 4 of 4, deposition page 37:5-7).**

2. Plaintiff had been placed in a holding cell with his cellmate, Edgar Diaz, while the officers in the West House ran a chow line. *Ex. 1 (Plaintiff's Dep.) at 16:4-8)*. As inmates filed past him, Plaintiff made an innocuous remark to a person he knew. *Ex. 1 (Plaintiff's Dep.) at 21:11-18 ("…someone that I knew was going by, and he asked me, 'Are you good?' And I said, 'Yes, I'm good.'")*.

**RESPONSE: Defendants admit Plaintiff was in the holding cell with inmate Diaz on February 5, 2014, during line movement and that Plaintiff was speaking with other inmates. (See Defendants' Exhibit B, Document 97-1, pages 74-75).**

3.  Defendant Qualls swore at him and told him to "shut up," and to face the wall in the holding cell and sit down. *Ex. 1 (Plaintiff's Dep.) at 21:21-22:5*. Plaintiff complied and faced the wall, but did not sit down. *Ex. 1 (Plaintiff's Dep.) at 22:1-14*.

**RESPONSE: Defendants admit this is Plaintiff's allegation.**

4.  He was then handcuffed and Defendant Berry and Defendant Qualls each took one arm and removed him from the holding cell. *Ex. 1 (Plaintiff's Dep.) at 23:3-17*.

**RESPONSE: Defendants admit this is Plaintiff's allegation.**

5.  Immediately outside the cell, Defendant Qualls turned and hit him with a closed fist on the right side of his jaw. *Ex. 1 (Plaintiff's Dep.) at 23:18-20; 25:20-24*. Plaintiff fell to the ground. *Id.* Defendant Berry lifted him up and Plaintiff was then taken to the nearby shower area where, on the way in, his head was smashed against the concrete wall. *Ex. 1 (Plaintiff's Dep.) at 23:20-24*.

**RESPONSE: This Additional Fact is disputed. Defendants deny this took place. (See Plaintiff's Exhibit 2, Document 101-2, page 2 of 5, deposition page 6:17-21; Plaintiff's Exhibit 8, Document 101-8, page 4 of 4, deposition page 37:5-7).**

6.  There was no reason that an inmate would be taken into the shower area by a guard before going to segregation. *Ex. 3 (Snell Dep.) at 33:20-23*.

**RESPONSE: Admit this was Defendant Snell's testimony, but see also Defendants' Undisputed Material Fact 13. ("It would not be unusual for a Sergeant to move inmates in and out of the holding cell." (Defendants' Exhibit C, Document 97-1, page 83, deposition page 27:15-20)).**

7.  The assault that occurred next was audible to those standing outside the shower area. *Ex. 4 (Diaz Dep.) at 25:6-11; Ex. 5 (Clayborn Smith Complaint) at pg. 2 ("I could hear the inmate crying in pain who Qualls and others moved. I could hear blows landing.")*.

**RESPONSE: This Additional Fact is not supported by the citation to the record. Inmate Smith stated *he* heard noises. There is no testimony that the Defendants heard anything.**

8. Plaintiff remained handcuffed in the back during the assault. *Ex. 1 (Plaintiff's Dep.) at 34:16-20*. All total, Defendant Quall slammed his head and punched and kicked him many times throughout his body. *Ex. 1 (Plaintiff's Dep.) at 26:9-12; Id. at 27:20-24*. He was mimicking Plaintiff as Plaintiff lay groaning on the floor. *Ex. 1 (Plaintiff's Dep.) at 24:5-12*.

**RESPONSE: This Additional Fact is disputed. Defendants deny this took place. (See Plaintiff's Exhibit 2, Document 101-2, page 2 of 5, deposition page 6:17-21; Plaintiff's Exhibit 8, Document 101-8, page 4 of 4, deposition page 37:5-7).**

9. Defendant Berry, too, punched and kicked Plaintiff throughout his legs, back, head, lower stomach, and jaw. Plaintiff was hit in the jaw with a closed fist about three or four times. *Ex. 1 (Plaintiff's Dep.) at 26:5-12*.

**RESPONSE: This Additional Fact is disputed. Defendants deny this took place. (See Plaintiff's Exhibit 2, Document 101-2, page 2 of 5, deposition page 6:17-21; Plaintiff's Exhibit 8, Document 101-8, page 4 of 4, deposition page 37:5-7).**

10. Defendant Purdom was in or near the shower area and did nothing to intervene in the force; he "just watched." *Ex. 1 (Plaintiff's Dep.) at 33:17-21; Ex. 4 (Diaz Dep.) at 61:5-13*. Defendant Snell was likewise near the shower area and did nothing to intervene in the force. *Ex. 1 (Plaintiff's Dep.) at 34:4-6*.

**RESPONSE: This Additional Fact is disputed. Defendants deny this took place. (See Defendants' Undisputed Material Facts 14, 15).**

11. After the assault was over Defendants Berry and Qualls lifted Plaintiff up and escorted him towards the door, slamming his head on the wall on the way out. *Ex. 1 (Plaintiff's Dep.) at 32:18-33:5*.

**RESPONSE: This Additional Fact is disputed. Defendants deny this took place. (See Plaintiff's Exhibit 2, Document 101-2, page 2 of 5, deposition page 6:17-21; Plaintiff's Exhibit 8, Document 101-8, page 4 of 4, deposition page 37:5-7).**

12. Plaintiff lost consciousness during the attack. *Ex. 1 (Plaintiff's Dep.) at 34:24-35:23*.

**RESPONSE: Defendants admit Plaintiff makes this claim, but also testifies that he was conscious upon entering and exiting the shower area. (Defendants' Exhibit A, Document 97-1, pages 35-37, deposition pages 34:24-36:13).**

13. Plaintiff was held up by Defendant Qualls as he was escorted to the segregation unit. On the way there, a guard located in the tower in front of North 1 told Sergeant Qualls to take Plaintiff to the hospital, but Sergeant Qualls ignored the guard. *Ex. 1 (Plaintiff's Dep.) at 37:15-22*.

**RESPONSE: Defendants object to this additional fact being considered as it is inadmissible hearsay. Fed. R. Evid. 801. Additionally, the Plaintiff never requested medical attention. (See Defendants' Undisputed Material Fact 21).**

14. Plaintiff, exhausted and in pain, then fell to the sidewalk and another officer (not a defendant) approached to help the Sergeant. *Ex. 1 (Plaintiff's Dep.) at 38:1-12*. Together they lifted him from the arms and his sweater and dragged him to the bathroom in Gallery 2 where they left him on the floor. *Id*.

**RESPONSE: Defendants admit this is Plaintiff's claim and admit Plaintiff fell on the ice on February 5, 2014. The Plaintiff never requested medical attention and had no obvious injuries. (See Defendants' Undisputed Material Fact 21, 22).**

15. Plaintiff was seen by Defendant Lang, employed as a Correctional Medical Technician, by way of routine procedure before he was housed in segregation. *Ex. 6 (Lang Dep.) at 6:4-11; Id. at 20:18-20; Id. at 21:2-10 (explaining an evaluation for a seg move)*.

**RESPONSE: Defendants admit Plaintiff was treated by Defendant Lang on February 5, 2014.**

16. During the evaluation, Plaintiff remained in a small cell. *Ex. 6 (Lang Dep.) at 21:15-21*. Defendant Lang viewed him through the bars of the cell that ran both vertical and horizontal and were spaced out in approximately 2 or 3 inch openings. *Ex. 6 (Lang Dep.) at 22:11-19*.

**RESPONSE: Admitted, but not material. Defendant Lang evaluated and assessed Plaintiff's alleged injuries. (Defendants' Exhibit F, document 97-2, pages 1-4).**

17. Plaintiff told Defendant Lang that his head hurt. *Ex. 6 (Lang Dep.) at 18:6-10*. She did not take his vitals, even with the claim of a head injury, because Plaintiff was behind bars. *Ex. 6 (Lang Dep.) at 20:8-13*. Defendant Lang could have asked that Plaintiff be moved to a different location to better assess his injuries, but did not. *Ex. 6 (Lang Dep.) at 40:15-23*.

4

**RESPONSE: Defendants admit Plaintiff was treated by Defendant Lang on February 5, 2014, and no injuries were noted. (See Defendants' Undisputed Material Fact 20, 22, and 24). The record does not contain any indication that not moving the Plaintiff constitutes deliberate indifference or that it was necessary to assess the Plaintiff's injuries.**

18. Instead, Defendant Lang made note only of his superficial abrasions, and flatly ignored any injury and pain that Plaintiff had in his jaw and lower stomach. *Ex. 1 (Plaintiff's Dep.) at 41:5-11 ("A. I told her that I was in pain. My jaw was hurting. I had a lot of pain in my jaw, right here in my forehead, on the left side of my forehead, and on the left side on my stomach, lower stomach.").* Defendant Lang never touched Plaintiff during the examination. *Ex. 6 (Lang Dep.) at 22:20-23:1.* She claimed to have examined his left wrist; however, Plaintiff remained handcuffed during the evaluation, behind a gate, and was wearing a sweater. *Ex. 6 (Lang Dep.) at 24:7-15; Ex. 6 (Lang Dep.) at 37:4-20; Ex. 1 (Plaintiff's Dep.) at 38:6-12.* She also claimed to have examined his legs, but Plaintiff remained behind bars during the examination. *Ex. 6 (Lang Dep.) at 36:16-37:10.* Plaintiff still has problems with his jaw; it clicks and hurts when he eats. *Ex. 1 (Plaintiff's Dep.) at 65:17-21.*

**RESPONSE: Denied. Defendant Lang examined Plaintiff's wrists and legs and no deformities were noted. (Defendants' Exhibit E, document 97-1, page 105, deposition pages 22:17-25:1). While Plaintiff may not be happy with the treatment he received, the record does not support his claim of deliberate indifference as argued in Defendants' Motion for Summary Judgment.**

19. Plaintiff told Defendant Lang that he had just been beaten by Defendants Quall and Berry in the West House, but Defendant Lang did not record his statement on any medical form and did not alert her supervisors of what Plaintiff relayed to her. *Ex. 1 (Plaintiff's Dep.) at 41:2-4; Ex. 7 (Inmate Injury Report).*

**RESPONSE: Denied. (See Defendants' Undisputed Material Fact 20).**

20. Defendants claim that Plaintiff sustained all of those injuries by slipping on the ice. *Ex. 2 (Qualls' Dep.) at 34:2-10; 37:1-38:23.* Defendants Berry and Qualls deny using any force against Plaintiff. *Ex. 2 (Qualls' Dep.) at 6:17-21; Ex. 8 (Berry Dep.) at 37:2-7.*

5

> **RESPONSE: Denied. Defendants deny causing any injuries. Defendant Qualls denies observing any injuries on the Plaintiff. (Plaintiff's Exhibit 2, document 101-2, page 5 of 5, deposition page 38:4-13).**

21. The entire incident described above was predicated on Plaintiff's cell being searched during a routine and random shakedown by Defendants Berry and Qualls. *Ex. 8 (Berry Dep.) at 21:18-22:7*. Defendants claimed to have found homemade intoxicants and a needle inside property box no. 008851. *Ex. 9 (Disciplinary Tickets)*. Plaintiff was not issued property box no. 008851. *Ex. 10 (Inmate Personal Property Receipt)*. Defendants also found an "altered" television set within the cell. *Ex. 9 (Disciplinary Tickets)*. Plaintiff did not own this television set. *Ex. 1 (Plaintiff's Dep.) at 52:21-53:1*

> **RESPONSE: Defendants incorporate their previous responses to Plaintiff's Additional Facts regarding the "entire incident." Defendants admit Plaintiff's cell was searched on February 5, 2014, contraband was located and Plaintiff was disciplined. Denied to the extent Plaintiff alleges the contraband was not his. (See Defendants' Undisputed Material Fact 38).**

22. Plaintiff received a disciplinary ticket for these infractions, as well as for disrupting the line movement and refusing to sit down when ordered. *Ex. 9 (Disciplinary Tickets)*. The ticket was thrown at him through his cell door. *Ex. 1 (Plaintiff's Dep.) at 49:11-19*. Plaintiff had no opportunity, and no pen or pencil, to sign the ticket or write any request for a witness, even though he wanted to, at the time it was thrown into his cell. *Id.*

> **RESPONSE: Denied. Plaintiff had access to the tools necessary to write a note prior to his disciplinary hearing and did so, but failed to provide the note in advance of the hearing. (See Defendants' Undisputed Material Fact 40).**

23. Plaintiff wanted to call his cellmate, Edgar Diaz, as a witness. *Ex. 1 (Plaintiff's Dep.) at 52:10-13*. If allowed to testify, Diaz would have testified that: the alcohol found in the cell belonged to him, *see Ex. 4 (Diaz Dep.) at 51:16-52:2*; the altered TV also belonged to him and had his name on it, *Id. at 52:8-23*; and Plaintiff did not exclaim an obscenity, *Id. at 53:23-54:2*.

> **RESPONSE: Admit Plaintiff alleges he would have called inmate Diaz as a witness. Denied as to the testimony of inmate Diaz. (See Defendants' Undisputed Material Fact 38).**

6

24. Before the hearing on February 10, however, Plaintiff managed to obtain paper and a writing utensil and wrote a note to the Adjustment Committee requesting witnesses, which he then presented at the hearing on February 10. *Ex. 1 (Plaintiff's Dep.) at 52:1-53:19*. The note specifically requested a translator. *Id. at 55:7-8*.

> **RESPONSE: Admit Plaintiff wrote a note to the Adjustment Committee in English and gave the note to the Adjustment Committee at the time of the hearing. (Defendants' Undisputed Material Fact 40).**

25. Defendants Hughes and Hart oversaw the Adjustment Committee on the date that Plaintiff appeared for his hearing. *Ex. 11 (Final Summary Report)*. Both Defendant Hughes and Hart ignored Plaintiff's requests and found him guilty of all violations. *Id*. Both Defendant Hughes and Hart could not recall if Plaintiff was proficient in English. *See Ex. 12 (Hughes Dep.) at 38:1-4; Ex. 13 (Hart Dep.) at 32:22-23*. Plaintiff was sentenced to six months in segregation with commissary and contact visits restricted. *Id.*

> **RESPONSE: Admit Plaintiff had a hearing before the Adjustment Committee (consisting of Defendants Hughes and Hart) and that he did not have a translator at the hearing. Denied as to any knowledge of the need for a translator. Plaintiff understood English and the charges against him. (Defendants' Undisputed Material Facts 39, 40).**

26. Plaintiff is not fluent in the English language; it is his second language. *Ex. 1 (Plaintiff's Dep.) at 7:13-15*. He did not readily understand the charges from the disciplinary tickets (and did not fully understand the question when it was asked of him, through a translator, at his deposition). *Ex. 1 (Plaintiff's Dep.) at 54:9-22*.

> **RESPONSE: Denied. Plaintiff fully understood the questions asked of him at his hearing and during his deposition. (Defendants' Undisputed Material Facts 39, 40; Defendants' Exhibit A, document 97-1, pages 71-72, deposition pages 70:22-71:4).**

WHEREFORE, for the above and foregoing reasons and those argued in Defendants' Motion for Summary Judgment, Defendants respectfully request this Court grant their Motion for Summary Judgment.

        Respectfully submitted,

        RICHARD HARRINGTON, ROBERT HUGHES, WILLIAM QUALLS, JUSTIN SNELL, JASON HART, MATTHEW PURDOM, NATHAN BERRY, and AIMEE LANG,

           Defendants,

        LISA MADIGAN, Attorney General,
State of Illinois,

           Attorney for the Defendants,

          s/ Melissa A. Jennings
        Melissa A. Jennings, #6300629
        Assistant Attorney General
        500 South Second Street
        Springfield, IL   62701
        Phone: (217) 785-4555
        Fax: (217) 524-5091
        E-Mail: mjennings@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| OSBALDO J. NICOLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-964-NJR-DGW |
| | ) |
| NATHAN BERRY; et al., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2017, I electronically filed Defendants' Response to Plaintiff's Statement of Additional Facts, with the Clerk of the Court using the CM/ECF system, which will send notification of same to the following:

Arthur Loevy:   loevylaw@loevy.com
Jon Loevy:     jon@loevy.com
Sarah Grady:   sarah@loevy.com

Respectfully submitted,

LISA MADIGAN, Attorney General,
State of Illinois,

   s/ Melissa A. Jennings
Melissa A. Jennings, #6300629
Assistant Attorney General
500 South Second Street
Springfield, IL   62701
Phone: (217) 785-4555
Fax: (217) 524-5091
E-Mail: mjennings@atg.state.il.us