IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| OSBALDO JOSE-NICOLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 0964 |
| | ) | |
| NATHAN BERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | Hon. Nancy J. Rosenstengel |

**PLAINTIFF'S CONSOLIDATED RESPONSES
TO DEFENDANTS' MOTIONS *IN LIMINE***

Plaintiff, Osbaldo J. Nicolas, by and through his attorneys, Loevy & Loevy, respectfully submits the following responses to Defendants' motions *in limine* (Dkt. 107), stating as follows:

Defendants have filed seven motions *in limine*. In seeking to bar evidence or testimony at trial, Defendants bear the burden to demonstrate that the evidence they seek to bar is inadmissible for any purpose. *In re Depakote*, 87 F. Supp. 3d 916, 920 (S.D. Ill. 2015). Plaintiff will address each of Defendants' motion in turn.

**I.  Defendants' Motion *in Limine* No. 1 to Bar Testimony About Plaintiff's Medical or Mental Health Condition**

Defendants have moved to bar testimony from Plaintiff regarding the causation of any mental health or medical conditions. Dkt. 107 (Defs.' Mot. *in Limine*) at 1-2. Plaintiff does not intend to offer testimony any testimony at trial that would require medical expertise, including testimony about diagnosed medical conditions. Instead, he intends to offer lay testimony about the physical and emotional pain that he suffered as a result of the beating that he endured and the medical care that he was subsequently denied. Plaintiff's testimony is permissible under Rule

701 of the Federal Rules of Evidence and this Court should accordingly deny Defendants' motion.[1]

Rule 701 of the Federal Rules of Evidence permits a lay person like Plaintiff to testify about relevant matters that is rationally based on his perception and not based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 701. The Seventh Circuit has held in a series of cases that the admissibility of lay testimony regarding medical issues and causation depends on whether those issues are within the ken of a layperson. *See, e.g., McAllister v. Price*, 615 F.3d 877, 882 (7th Cir. 2010) (lay testimony about causation admissible when causation "is within the understanding of a lay person"); *EEOC v. AutoZone, Inc.*, 630 F.3d 635, 644 (7th Cir. 2010) (expert testimony not required when condition and causation can be understood and described by lay person); *Myers v. Ill. Central R.R. Co.*, 629 F.3d 639, 643 (7th Cir. 2010) (lay testimony about causation permissible unless "there is no obvious origin to an injury and it has multiple potential etiologies" (internal quotation marks omitted)); *Korte v. Exxonmobil Coal USA, Inc.*, 164 F. App'x 553, 556 (7th Cir. 2006) ("Expert testimony is needed to establish causation in cases alleging an adverse health effect when the 'medical effects . . . are not within the ken of the ordinary person.'" (quoting *Goffman v. Gross*, 59 F.3d 668, 672 (7th Cir. 1995)).

In *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009), the Seventh Circuit affirmed the admission of testimony from a prisoner who had brought an excessive force claim against a prison guard about the pain that he suffered a result of the beating. *See also id.* ("Hendrickson testified that Cooper beat him up and that it hurt really bad. . . . No further proof was required . . ."). District courts throughout this Circuit routinely allow plaintiffs in civil rights cases to testify about the physical and emotional pain that they suffered as a result of the

---

[1] Of course, if at trial, Defendants believe Plaintiff's testimony runs afoul of the distinction between lay testimony and expert testimony, they are free to object.

2

constitutional violation. *See, e.g., In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & PMF Prods. Liab. Litig.*, 2011 WL 6740391, at *7 (S.D. Ill. Dec. 22, 2011) (permitting plaintiff to "describe what she personally felt and to describe why she feels the subject matter pills caused her" medical issues); *Mickey v. Dargis*, 2004 WL 887361, at *2 (N.D. Ill. Apr. 23, 2004) (plaintiff permitted to testify to "how he felt at various times—matters of personal knowledge and observation well within his competence"); *Townsend v. Benya*, 287 F. Supp. 2d 868, 875 (N.D. Ill. 2003) (plaintiff in excessive force case permitted to testify about "pain from or existence of bruises, cuts, and abrasions resulting from the beating"). And courts routinely exclude testimony that is outside the understanding of a layperson and would require expertise. *See, e.g., Higgins v. Koch Dev'ment Corp.*, 794 F.3d 697, 702 (7th Cir. 2015) (expert testimony required on question of whether inhalation of chlorine gas caused patient to contract reactive airway disease (RADS)); *Porter v. Whitehall Labs., Inc.*, 9 F.3d 607, 610 (7th Cir. 1993) (expertise required to testify that acute renal failure was "an iatrogenic reaction to ibuprofen").

In this case, Plaintiff will testify about the physical pain he suffered during the beating and afterward, and about the anxiety that he now suffers. Plaintiff will not testify that he suffers from any particular diagnosed medical condition—e.g., generalized anxiety disorder or chronic traumatic encephalopathy (CTE)—caused by the defendants' misconduct. For example, Plaintiff will testify about the pain that he endured as Defendants punched him in the head and stomach, smashed his head into a concrete wall, and kicked him in the torso and legs is not based on, and does not require, expertise. This testimony is clearly based on Plaintiff's rational perception and well within his lay understanding. As such, Defendants' motion *in limine* to bar this testimony should be denied.

## II.     Defendants' Motion *in Limine* No. 2 to Bar Evidence of Indemnification

Defendants next motion seeks to bar Plaintiff from introducing evidence or argument that Defendants may be indemnified by the State of Illinois for any damages, costs, or attorneys' fees awarded to Plaintiff as part of this litigation. Plaintiff agrees that evidence of indemnification is not admissible so long as Defendants are prohibited from introducing evidence or argument that they are too poor to pay a compensatory or punitive damages award against them.

The Seventh Circuit and courts in this Circuit have consistently held that an individual defendant is not allowed to put on evidence that he or she is too poor to pay a judgment when an employer or an insurance company will have the ultimate responsibility of paying the judgment. *Kemezy v. Peters*, 79 F.3d 33, 97 (7th Cir. 1996) (holding that a "defendant should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab"); *Mays v. Springborn*, 2014 WL 1420232, at *1 (C.D. Ill. Apr. 11, 2014) (barring evidence of state indemnification "unless Defendants themselves argue or suggest limited finances or an inability to pay a damages award"); *Hill v. City of Chicago*, 2011 WL 3205304, at *4 (N.D. Ill. July 28, 2011) (noting that a defendant who improperly puts on evidence of his or her financial condition opens the door to the admission of evidence about indemnification).

Defendants in this case may attempt to introduce evidence suggesting that they cannot pay a damages award levied against them. All such evidence should be barred on the ground that it will unreasonably cause the jury to deflate a potential damages award.  See *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998) (noting that courts bar evidence of indemnification routinely because it has the opposite, inflationary, effect). If such evidence is barred, Plaintiff agrees that evidence of indemnification is similarly improper.

If, on the other hand, the Court disagrees and permits Defendants to present such arguments (or in the event that the Defendants simply present such evidence at trial or suggest that the individual Defendants cannot pay a judgment), then this Court must allow Plaintiff to introduce evidence about how a judgment against Defendants may be indemnified by the State of Illinois. *See*, *e.g.*, *Galvan v. Norberg*, 2006 WL 1343680, at *2 (N.D. Ill. May 10, 2006) (Shadur, J.); *Moore v. City of Chicago*, 2008 WL 4549137, at *5 (N.D. Ill. Apr. 15, 2008) (Moran, J.); *Mohr v. Chicago Sch. Reform Bd. of Trustees*, 155 F. Supp. 2d 923, 928-29 (N.D. Ill. 2001) (Bucklo, J); *Bursley v. Surane*, 2006 WL 1120577, *1 (N.D. Ill. April 26, 2006) (Conlon, J.); *Kies v. City of Aurora*, 156 F.Supp.2d 970, 978 (N.D. Ill. 2001) (Alesia, J.).

In sum, this Court should either bar *both* evidence of poverty and evidence of indemnification, or else allow both to be introduced.

### III. Defendants' Motion *in Limine* No. 3 to Bar Unspecified Statements of Medical or Mental Health Professionals

Defendants' third motion *in limine* seeks to bar statements of any treating medical professional on the grounds that those statements would be hearsay. Defendants fail to provide any specific examples of statements that illustrate the alleged concerns, but merely contends in conclusory fashion that such statements are inadmissible.

As noted above, "a court should grant a motion *in limine* excluding evidence only when the movant shows that the evidence is inadmissible on all potential grounds." *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011). A broad, non-specific motion will not suffice. *See Hill v. City of Chicago*, 2011 WL 3205304, at *4 (N.D. Ill. July 28, 2011) ("Because Defendants' motion is too broad, they have failed to establish that this evidence is clearly inadmissible for any purpose, and thus the Court denies Defendants' *in limine* motion"); *see also United States v. Hickerson*, 732 F.2d 611, 613 (7th Cir. 1984) ("This motion, by itself, was far

5

too broad to pinpoint the objectionable government evidence."). The need to be specific is especially true in the context purportedly inadmissible hearsay because the hearsay rules are nuanced and depend on context and purpose. *See* Fed. R. Evid. 801-807.

Plaintiff may seek to introduce testimony regarding statements by Defendant Lang, a nurse who attended to Plaintiff early after he sustained injuries. Such statements are party admissions and not hearsay. Fed. R. Evid. 801(d). Statements by third-party medical providers may similarly be admissible, depending on the purpose for their admission and context in which those statements were made. *See, e.g.,* Fed. R. Evid. 803(1) (recognizing present sense impressions as exception to rule against hearsay); Fed. R. Evid. 803(1) (recognizing statements made for the purpose of medical diagnosis or treatment as exception to rule against hearsay). Because Defendants have failed to identify any particular statement that they contend is barred by Rule 802, this Court should deny their motion and allow them to raise objections as appropriate during trial.

## IV. Defendants' Motion *in Limine* No. 4 to Bar Testimony About IDOC's Policies and Procedures

At trial, Plaintiff intends to prove that his Eighth Amendment rights were violated when, *inter alia*, (a) Defendants Berry and Qualls used excessive force against him; (b) Defendants Berry, Qualls, Snell and Purdom failed to intervene to prevent the use of excessive for against him; and (c) Defendants Berry, Qualls, Snell, Purdom, and Lang failed to provide appropriate medical care to him. Dkt. 50 at 13-15. In order to prove these claims, Plaintiff must show that Defendants acted with deliberate indifference. Among other things, Plaintiff must prove that Defendants were subjectively aware of the risks of harm to plaintiff and disregarded those risks. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). ("We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of

confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Defendants object to the introduction of evidence regarding whether Defendants followed IDOC policies and procedures. In support of their objection, Defendants cite *Thompson v. City of Chicago*, 472 F. 3d 444, 454 (7th Cir. 2006). But the holding in *Thompson* is inapposite.

In *Thompson*, the plaintiffs brought suit against the City of Chicago after their loved one was killed while in police custody. The plaintiffs there alleged that Chicago police officers had violated the decedent's Fourth and Fourteenth Amendments by using excessive force. *Thompson*, 472 F. 3d at 446. The defendants successfully objected to the introduction of Chicago Police Department General Orders pertaining to the use of force into evidence. The Seventh Circuit affirmed the trial court's decision to keep that evidence out because of its irrelevance. But in that case, the evidence was irrelevant because to prevail, the plaintiffs only needed to show that the officer's use of force was "objectively unreasonable" under the circumstances. *Thompson*, 472 F.3d at 454.[2]

A jury could reasonably infer that the IDOC's policies are designed to maximize the safety and well-being of prisoners in their custody and ensure that IDOC staff do not expose prisoners to a substantial risk of harm. Plaintiff expects that Defendants will readily admit that these policies are important for those purposes. And Defendants cannot reasonably deny that they were aware of and required to follow the IDOC's Administrative Directives or other written

---

[2] Plaintiff has filed a motion *in limine* to bar Defendants from offering evidence of IDOC's policies and procedures on disciplinary hearings. Dkt. 114. Those policies, unlike the ones at issue in Defendants' motion *in limine* No. 4, are inadmissible because they are relevant only to Plaintiff's due process claim, which does not require any subjective showing. As such, admission of those policies, unlike the policies at issue in Defendants' motion *in limine*, runs directly contrary to the Seventh Circuit's holding in *Thompson*.

7

policies. Accordingly, evidence that their conduct violated those policies is strong evidence that they were aware that the conduct put Plaintiff at a substantial risk of harm. In other words, a reasonable trier of fact could conclude, based in part on evidence of the IDOC's policies and Defendants' failure to adhere to them, that Defendants acted with deliberate indifference. Without this evidence, Plaintiff faces substantial difficulty rebutting Defendants' contention that they did not know their behavior put Plaintiff at risk.

Plaintiff's need for evidence of IDOC's policies and procedures as they relate to the use of force is even more pronounced. Plaintiff's claim for excessive force is under the Eighth Amendment. To prevail, Plaintiff must do more than prove objective unreasonableness; he must prove that Defendants used force "maliciously and sadistically to cause harm" and not "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Again, IDOC policies and procedures can be interpreted as IDOC's attempts to codify "best practices." With respect to the use of force, the policies are designed to balance the facility's need for discipline, on the one hand, and the inmates' right to be free to excessive harm, on the other. To the extent that an individual officer knows of the policies, any assertion that he acted in "good faith" while nonetheless deviating from those policies would belie common sense.

In fact, the Seventh Circuit's Pattern Civil Jury Instructions plainly indicate that policies and procedures are relevant. *See* Seventh Circuit Pattern Instruction 7.18 ("In deciding whether Plaintiff has proved that Defendant used force for the purpose of harming plaintiff, you should consider all of the circumstances . . . [including] whether Defendant was acting pursuant to a policy or practice of the prison that in the reasonable judgment of prison officials was needed to preserve security or order."). Accordingly, this Court should deny Defendants' motion to bar

evidence of IDOC policies and Defendants' failure to adhere to those policies in harming Plaintiff.

### V. Defendants' Motion *in Limine* Nos. 5-6 to Bar Prior Litigation or Discipline Against Defendants

Defendants have moved to bar any evidence or reference to prior litigation or discipline against any of the Defendants. Because this evidence may be admissible at trial to show notice to Defendants of the risk of harm presented by failing to intervene or provide medical care, or some other permissible use under Rule 404(b), this Court should deny Defendants' motions.

As noted above, "a court should grant a motion *in limine* excluding evidence *only* when the movant shows that the evidence is inadmissible on all potential grounds." *Betts*, 784 F. Supp. 2d at 1023; *see also CDX Liquidating Trustee v. Venrock Assocs.*, 411 B.R. 591, 597 (N.D. Ill. 2009); *Robenhorst v. Dematic Corp.*, 2008 WL 1821519, at *3 (N.D. Ill. Apr. 22, 2008); *Townsend*, 287 F. Supp. at 872. Defendants have not met that burden here.

Nor could they. In this case, Plaintiff has brought claims against Defendants for failing to intervene and failing to provide medical care, among others. Each of these claims requires Plaintiff to prove that Defendants *knew* that their actions put Plaintiff at risk of harm. *See, e.g., Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (denial of medical care); *Miller v. Boone*, 2016 WL 4501818, at *2 (S.D. Il. Aug. 29, 2016) (failure to intervene). Accordingly, evidence that Defendants were put on notice their behavior put prisoners in their care at risk of harm is routinely admitted in deliberate indifference cases like this one. *Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005) (discussing importance of evidence that defendants were are of a risk to the safety of one or more prisoners); *Walsh v. Mellas*, 837 F.2d 789, 797 (7th Cir. 1988) ("plaintiff [must] establish a *knowing* indifference to a risk" (internal quotation marks omitted) (emphasis added)). Accordingly, evidence of Defendants' prior litigation and discipline is admissible to

9

establish that they were aware of the risk of harm that their conduct posed to prisoners like Plaintiff. Moreover, because the relevance of this evidence is not premised on a propensity-based chain of reasoning, Rule 404(b) does not bar its introduction. Fed. R. Evid. 404(b); *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (Rule 404 allows admission of other-act evidence "when its admission is supported by some propensity-free chain of reasoning").[3]

Defendants next contend that Rule 403 justifies exclusion of this evidence because they "work with a particular litigious subset of the population." *Id.* at 4. Plaintiff agrees that introduction of several lawsuits by prisoners whose complaints were dismissed after a Rule 12(b)(6) motion or during the initial screening would have limited probative value, and Plaintiff does not intend to introduce any such evidence. But lawsuits against Defendants that resulted in settlement—like *Keller v. Thomas, et al.*, No. 10 C 0676 (S.D. Ill.), a lawsuit against Defendant Matthew Purdom for failing to intervene to stop repeated beatings that a prisoner at Menard was suffering—are highly probative on the issue of Defendant Purdom's notice that his failure to act in the face of a serious threat to prisoner safety or health. Ex. A (*Keller v. Thomas*, No. 10 C 0676, Dkt. 1 (S.D. Ill. Sept. 1, 2010), Plaintiff's Complaint); Ex. B (*Keller v. Thomas*, No. 10 C 0676, Dkt. 119 (S.D. Ill. Dec. 6, 2013), Judgment Reflecting Settlement). Defendants have failed to explain, other than a general invocation of prejudice, why introduction of this narrow class of prior litigation and discipline would run afoul of Rule 403. *In re Depakote*, 87 F. Supp. 3d at 920

---

[3] Defendants contend that the Seventh Circuit's decision in *Duran v. Town of Cicero*, 653 F.3d 632, 645 (7th Cir. 2011) supports exclusion of prior litigation and discipline in this case. Dkt. 107 at 5-6. First, in its opinion, the Seventh Circuit noted that the only relevance of the other-acts evidence at issue was to establish the defendant's propensity to mistreat people of color. *Id.* at 645. As such, Rule 404(b), as subsequently interpreted by the Seventh Circuit in *Gomez*, clearly barred their admission. *Gomez*, 763 F.3d at 856 (Rule 404(b) bars admission of evidence relevant to show intent, knowledge, etc. if the chain of reasoning relies on a propensity inference). Even so, the Seventh Circuit recognized that the evidentiary question was a close one given the defendant's testimony, and affirmed primarily because "we generally do not second-guess" a ruling based on a balance of the probative and prejudicial value of evidence in a long and complicated case with several claims and parties. *Id.*

(party seeking exclusion bears burden of demonstrating reason exclusion is appropriate). And lest there be any doubt about the proper use of this evidence, Plaintiff would agree to a limiting instruction by the Court at the time that the evidence is introduced. With a proper limiting instruction, the potential prejudice of this evidence is quite low and Rule 403 consequently does not apply.

In sum, because evidence of prior discipline or litigation that ended in settlement is relevant to Defendants' notice—a non-propensity use not barred by Rule 404—and because the risk of unfair prejudice is low, this Court should deny Defendants' motions *in limine* and permit introduction of the evidence.

### VI. Defendants' Motion *in Limine* No. 7 to Bar Reference to the "Golden Rule"

Defendants have moved to bar reference to the "golden rule" or any appeal for the jury to put themselves in the position of one of the parties. Plaintiff agrees that any such argument is improper and agrees that this Court should bar all parties from making any such reference or argument.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff

Arthur Loevy
Julie Goodwin
Sarah Grady
Adair Crosley
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

11

## **CERTIFICATE OF SERVICE**

I, Sarah Grady, an attorney, hereby certify that on February 28, 2018, I caused the foregoing Plaintiff's Consolidated Responses to Defendants' Motions *in Limine* to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff