# Exhibit A

Complaint Filed in
*Keller v. Thomas*,
No. 10 C 0676, Dkt. 1
(S.D. Ill. Sept. 1, 2010)

In The United States District Court
for The Southern District of Illinois

10-676-GPM

Hilton Lloyd Keller #B-33552      ) Docket No. _____
          Plaintiff - Petitioner       )
                                                  )
    - VS -                                      ) Civil Rights Complaint
Brad Thomas # 15019                ) pursuant to 42 U.S.C
Jack D. Ashby                              ) section 1983
Correctional officer: Lauhead     ) (State Prisoner)
Correctional officer: Drake         )
Correctional officer: Salsa         )
Correctional officer: Purdem      )
Correctional officer: Tracy Lee   )

FILED
SEP - 1 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

I. Jurisdiction
    A. Plaintiff mailing address: Hilton L. Keller # B-33552
        Menard Correctional Center   P.O Box 711
                                    Menard, Illinois. 62259
    B. Defendant Brad Thomas # 15019 is currently
employed as a member of Menard Correctional center's
Department of Internal affairs, Located at P.O Box 711
Menard, Illinois. 62259. At the time of the claims
alleged in this complaint the Defendant was employed
by the State of Illinois department of corrections
as a member of Menards department of Internal
affairs.

(1.)

C. Defendant ___Jack___ #N683 Ashby___ is employed as
(Name of Second Defendant)

a Lieutenant at Menard correctional center
(Position/Title)

with ___Menard Correction center, Lieutenant___
(Employer's Name and Address)

P.O Box 711. Menard, Illinois. 62259

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (X)      No ( )

If your answer is "yes", briefly explain:

He was a Lieutenant at the Menard Correctional center, acting as chairman of the adjustment committee.

D. Using the outline of the form provided, include the above information for any additional defendant(s).

Correctional officer: Lavhead worked at the Menard C.C Located in Menard Illinois. Segregation Unit.
Correctional officer: Salsa worked at the Menard C.C Located in Menard Illinois. Segregation Unit.
Correctional officer: Drake worked at the Menard C.C Located in Menard, Illinois Segregation Unit.
Correctional officer: Purdem worked at the Menard C.C Located in Menard Illinois. Segregation Unit.
Correctional officer: Tracy Lee works at the menard correctional Center Located in Menard, Illinois Adjustment committee.

## II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court relating to your imprisonment?

Yes (X)      No ( )

B. If your answer to "A" is "yes", describe the lawsuit(s) in the space below. (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.) **Failure to comply with this provision may result in summary denial of your complaint.**

I have filed two other 42 U.S.C Section 1983 Civil Rights Complaints in the past.
I have filed one Medical Malpractice case in state Court and I have filed a Petition for Mandamus in State Court before.

Jun 8, 2010

Parties to previous lawsuits

Plaintiff: Hilton Lloyd Keller

Defendants: Levi S. Kirkland
Faisal Ahmed
Wexford Health Sources

Court: Circuit court for the 20th Judicial Circuit St. Clair county, Illinois

Docket Number: 07 L 264

NAME of Judge: unknown to me

Disposition of case: still pending

Date of filing: May 25, 2007

③

Parties to previous lawsuits:
Plaintiff: Hilton Lloyd Keller

Defendants: Donald D. Gaetz

Court: Circuit court for the 20th Judicial Circuit
Court Randolph County, Illinois

Docket Number 09-MR-96
Name of Judge unknown to me

Disposition of case: ~~Penduing~~ Dismissed
Date of filing: November 24, 2009

(4.)

Parties to previous lawsuits:

Plaintiff: Hilton Lloyd Keller

Defendants: Dr. F. ahmed
Dr. adrian Fienerman
Dr. Willard Elyea

Court: united states District Court, Southern District Illinois.

Docket Number: 3:06-CV-661 JPG

Name of Judge: Donald G. Wilkerson Magistrate

Disposition of Case: Still Pending

Date of filing: august 26, 2006

(5.)

1. Parties to previous lawsuits.
   Plaintiff(s) _____ Hilton Lloyd Keller

   Defendant(s) _____ James H. Reddy

2. Court (if Federal Court, name the District; if State Court, name the County)
   United States District Court, Northern Dist Illinois

3. Docket number _96 C 2131

4. Name of Judge to whom case was assigned _William T. Hart

5. Type of case (for example Was it a Habeas Corpus or Civil Rights action?)
   Civil Rights action

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?)
   Dismissed without Prejudice

7. Approximate date of filing lawsuit _4-22-96

8. Approximate date of disposition _4-26-96

## III. GRIEVANCE PROCEDURE

A. Is there a prisoner grievance procedure in the institution? _Yes

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?
   Yes ⊠ No ( )

C. If your answer is "yes",
   1. What steps did you take? I filed at least 19 grievances regarding the issues in my complaint by placing them in the prison mail system, I also handed one directly to a Prison Counselor for response.
   2. What was the result? I received a memo from the Counselor Saying that due to the nature of my grievance that it was being sent to internal affairs, I was later written a ticket for fighting but my grievance was never answered. I never heard anything on the other

D. If your answer is "no", explain why not. _____

-⦿- (6.)

Jun 8, 2010    8:02 AM

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| Date: Febuary 18, 2010 | Offender: (Please Print) Hilton Lloyd Keller | ID#: B-33552 |
|---|---|---|
| Present Facility: Menard | Facility where grievance issue occurred: Menard | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [x] Other (specify): Failure to Protect Deliberate indifference to A Substantial risk to my Safety and Health
- [ ] Disability
- [ ] HIPAA

- [ ] Disciplinary Report: ____ / ____ / ____
  Date of Report        Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On December 12, 2009 I was attacked by my cellmate while I slept, My cellmate Russell Hicks # K-60590 had been claiming that he was hearing voices and seeing dead people. Inmate Hicks # K-60590 would constantly talk to himself, arguing with himself and became loud and threatening. I repeated ly asked correctional officer Salsa, Drake, Lauhead and Purdem to move me or Inmate Hicks # K-60590 to another cell after explaining Inmates Hicks # K-60590 strange and threatening behavour, I was not moved nor was inmate Hicks, although I maintained that I did not feel safe being housed with inmate Hicks # K-60590. After I was attacked by Inmate Hicks # K-60590 on 12-12-09 I told correctional officer Salsa, Drake, Lauhead and Purdem about the

**Relief Requested:** That staff be Disciplined for their actions, that there be an investigation into my being attacked and injured, that I be compensated for my injuries and that there be an investigation as to why my grievances were not heard.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Hilton Lloyd Keller | B-33552 | 2 / 18 / 10 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____ / ____ / ____

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: ____ / ____ / ____

Is this determined to be an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | | Date |
|---|---|---|

Mar 1, 2010    0:42 PM

attack, and again about my cellmate, inmate Hicks #K-60590, talking to himself, becoming loud and threatening and his claiming that he could see dead people and again, I asked for a cell change. I was told by correctional officers Salsa, Drake, Lawhead and Purdem that "you're bigger than him, when he starts acting crazy just kick his ass again." I explained to these correctional officers that it was not my job to control Inmate Hicks #K-60590 and that I didn't feel safe in the cell with him as I had to sleep in the cell, I still was not moved. I continued everyday to request a cell change and outling Inmate Hicks #K-60590 strange and aggressive behavour. On January 5, 2010 Inmate Hicks #K-60590 attacked me again, this time I received multiple injuries which included a sore jaw, a black eye, scratchs to my face and neck and a ▓▓ bite to my left shoulder which broke the skin. I repeatedly requested medical attention for my injuries and begged to ▓▓ be moved to another cell, again correctional officer Salsa, Drake, Lawhead and Purdem all refused my requests, even though my cellmate inmate Hicks #K-60590 admitted the two attacks on me and the fact that my injuries were clearly visible to the naked eye. On January 7, 2010 my cellmate went to see mental Health and explained to them that he hears voices and see dead people and that these things causes him to act out violently and attack his cellmates they told inmate Hicks #K-60590 that he was lying. however Hicks was placed in one of the isolation cells for suicidal Inmates on January 7th 2010. On January 11, 2010 Inmate Hicks #K-60590 was brough back and placed in the cell with me despite my protest and complaints and staff's awarness that Inmate Hicks #K-60590 has a long history of violently attacking his cellmates and hearing voices and seeing dead people. On October 31, 2009 at Lawrence Correctional center, Inmate Russell Hicks #K-60590 attacked and assaulted his cellmate Inmate Suddeth #R-66589. On December 1, 2009 ▓▓▓▓▓ Inmate Russell Hicks #K-60590 at the Menard Correctional Center, again attacked his cellmate Marcus Williams-El ▓▓ after claiming that he was hearing voices and seeing dead people. Dispite Inmate ▓ Hicks #K-60590 history, he was placed in the cell with me, even though I was on single cell status at the time and should not have even had a cellmate. I have wrote multiple letters to internal affairs, CAO Warden Gaetz, N-2 Major Durham, case worker ▓▓▓▓ supervisor Betsy Spiller and the assistant warden of programs about this issue and none of them ever responded. I have file this "Same Grievance" at least 13 times since my being attacked, I have filed it as an emergency grievance at least 4 times and as a ▓ regular grievance about 9 times I have never received a ▓▓ single response to any of them. Staff is attempting to cover up my being attacked by my cellmate by refusing to answer my letters and respond to my grievances or to investigate my complaint about staff's indifference to the risks to my safety and my injuries, and their failure to protect me.

OFFENDER'S GRIEVANCE

| Date: April 1, 2010 | Offender: (Please Print) Hilton Lloyd Keller | | B-33552 |
|---|---|---|---|

| Present Facility: Menard | Facility where grievance issue occurred: Menard |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [X] Other (specify): Retaliation & failure to protect

[X] Disciplinary Report: _3_/_25_/_2010_    Menard
Date of Report            Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On ~~12-2-09~~ March 25, 2010 I was written a I.D.R for #301 fighting. The I.D.R originates from two incidents, the first incident happened on 12-12-09 the other on 1-5-10 when my cellmate Russell Hicks #K60590 attacked and assaulted me, causing me multiple injuries including a black eye, swollen jaw, scratches to my face and neck and a bite that broke the skin and caused me great pain. I complained to staff everyday that my cellmate had attacked and assaulted me, staff refused to act, I filed over 20 grievances about being assaulted, I wrote multiple letters to Warden Donald Gaetz, Case worker Superviser Betsy Spiller, N-2 Major Durham, the assistant

**Relief Requested:** That I be released from segregation and that staff be Disciplined and that I be allowed to file criminal charges against my cellmate Russell Hicks for assault.

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Hilton Lloyd Keller_        _B-33552_    _4_/_1_/_10_
Offender's Signature          ID#        Date

**(Continue on reverse side if necessary)**

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

Print Counselor's Name        Counselor's Signature        ___/___/___ Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature        ___/___/___ Date

warden of programs and Internal Affairs complaining that I had been attacked and assaulted but nobody responded to my pleas. Finally I wrote to the Director of the Illinois state Police complaining about my being assaulted. Apparently the Director of the Illinois State Police contacted the Prison about my complaints, and so, Internal Affairs finally did their job and started to investigate. Despite all of the evidence showing that I had been assaulted by my cellmate, Brad Thomas of internal affairs wrote me a ticket for fighting although I never threw a Single punch and explained to Brad Thomas that there was no fight, that I had been assaulted.

Brad Thomas repeatedly threatened me (to write me up) because of my complaining and finally wrote me up for fighting but he only did this in Retaliation for my complaining against Staff.

The I.D.O.C can not write a disciplinary report more than 8 days after an incident and a disciplinary report "Must" Be fully completed and State "the time, Date and place of a rule infraction, my disciplinary report written on 3-25-10 did not contain this information. Staff is simply violating every rule in the book to punish me in Retaliation for complaining

It's clear that all of the evidence shows that I was the victim of an assault, Inmate Russell Hicks has a history of assaulting his cellmates, of hearing voices and seeing dead people. I have been in prison for 19 yrs and have never had a fight with my cellmates.

Staff here in Menard have a policy of not moving inmates who are not getting alone in a cell together. Staff also have a policy of writing inmate-on-inmate violence up as fights although the evidence may clearly point to an assault, this is the forth time that this has happened to me in Menard, although I was clearly assaulted, I was written a ticket for fighting. When I say that I was clearly assaulted I'm saying that Staff actually witnessed me being assaulted but still wrote me a disciplinary report for fighting.

I have now been labled a snitch because I reported being attacked and assaulted by my cellmate, I also have been told by multiple inmates that I would be delt with for "telling on one of the Vice Lords when I get to population", Staff is not doing anything to protect me. They are not taking my complaints and Concerns Seriously, I can not trust Speaking to the members of the Department of Internal affairs here in Menard, they clearly have it out for me. I would like to be transferred out of Menard for my Protection. Brad Thomas clearly wrote me this I.D.R for the sole purposes of intentionally inflicting emotional destress and to protect staff's actions by covering up the fact that I was assaulted!

# State of Illinois  Department of Corrections
## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | B33552 | **Counseling Date** | 03/15/10 09:36:12:913 |
| **Offender Name** | KELLER, HILTON | **Type** | Personal |
| **Current Admit Date** | 05/29/1992 | **Method** | Face To Face |
| **MSR Date** | 02/14/2031 | **Location** | MEN NORTH 2-DISCIPLINARY SEGREGAT |
| **HSE/GAL/CELL** | N2-02-51 | **Staff** | RYAN, JAMES M, CORRECTIONAL COUNSELOR II |

discussed grievance on staff assault - sent grievance to I/A due to nature of issue

**Print Date** 3/16/2010

State of Illinois
County of Randolph

I ___Larry Bryant___ do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in fact:

I am a inmate of the menard Correctional Center currently being housed in N-2 Disciplinary Segregation Unit.

I have filed _Each_ institutional Grievances while here in Menard's N-2 Segregation unit but have never received a single response to my Grievances.

Staff in Menard's Disciplinary Segregation unit have a nasty habit of destroying and throwing away inmates Grievances and all staff members are aware of this fact.

Pursuant to 28 USC 1746, 18 USC or 735 ILCS 5/1-109 I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken frivolously or Maliciously

Signed on this _5_ day of _7_ 2010

___Larry Bryant  B31938___
Affiant

State of ILLINOIS
County of RANDolph ⟩ SS

## AffiDavit

I LARMOTT DANtzler #R24578 DO hereby DeclARe ANd AFFirm
That the following information within This Affidavit is
TRUE And coRRect in SUbSTANCE ANd In FAct

I've wrote 5 GrievANces conceRNing DisciplinARy
Reports. ANd sent it to the Grievance office in MenARd
CC. ONly To NeVeR receive A response Back from
The Grievance office. And This is a Bad habit that
The Grievance office has in menARd. They Do NOt
SeNd you youR response to stop you from sending it
To the ARB in A timely manneR. BAsed on the 30
DAY Time frame we have to file our GrievANce's to The
ARB After The chief ADministrative officees Response

PursuAt to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109
I DeclARe, undeR penalty of perjury, That eveRything
contained heRein is TRue. And ACcuRate to the Best of
My KNowlege And belief. I Do DeclARe And Affirm that
The matter At hand is Not tAken either frivolously oR
MAliciously And that I believe The forgoing matter
is TAken In Good faith.

Signed on 2-10-10
LARmott Dantzler #R2...
Affiant

State of Illinois
County of Randolph

## Affidavit

I _Alexy Smith_ do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in fact:

I am a inmate incarcerated at the Menard Correctional Center located in Menard Illinois. I have file (7) institutional Grievances while here in Menard's North-2 Disciplinary Segregation unit but have never received any response to them although I would place them in the Prisons institutional mailing system. Staff at Menard constantly throw away inmate grievances it is a running joke amoung staff members that "Just because you file a grievance doesn't mean you filed a grievance".

Pursuant to 28 USC 1746, 18 USC or 735 ILCS 5/1-109 I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken frivolously or Maliciously

Signed on this _30_ day of _June_ 2010

_Alexy Smith K44528_
affiant

1.) On December 12, 2009 I was attacked by my cellmate Russell Hicks # K-60590, an inmate with a history of mental illness.

2.) Inmate Russell Hicks #K-60590 has a history of violently attacking his cellmates.

3.) Before being attacked by my cellmate on December 12, 2009, I repeatedly requested that the Defendants Lauhead, Drake, Salsa and Purdem move me to another cell due to my concerns for my safety because of my cellmates strange and aggressive behavior.

4.) Immediately after being attacked by my cellmate Russell Hicks # K-60590 I informed the Defendants that I had been attacked and assualted while I slept, and again requested to be moved to another cell.

5.) The Defendants, although being aware of my cellmates mental health issues and his history of violently attacking his cellmates, refused to move me to another cell dispite being told by me that I had been violently attacked in my sleep.

(7.)

6.) I continued every day to complain to the Defendants that my cell mate Russell Hicks was talking and arguing with himself, claiming that he could see dead people, acting very aggressive and I would request to be moved, highlighting that I had already been attacked once by my cellmate Russell Hick # K-60590 while I slept.

7.) Dispite my constant complaints and request to be moved to another cell, the Defendants refused to move me to another cell with reckless and deliberate indifference for my health and safety.

8.) On January 5, 2010 my cellmate Russell Hicks again attacked and assaulted me while I slept.

9.) During the attack on January 5, 2010 I received a Black eye (my left eye) a swollen jaw, scratches to my face and neck and a huge, deep bite to my left shoulder which broke the skin, I also had one of my teeth cracked.

(8.)

10.) I again informed the Defendant's Lavhead, Salsa, Drake and Purdem that I had again been attacked by my cellmate Russell Hicks #K-60590 while I slept.

11.) I again requested to be given medical treatment for my injuries and "Begged" to be moved to another cell for my safety.

12.) Dispite my obvious injuries, My cellmates admission that he assaulted me and my "telling staff (the Defendant's) that I had been assaulted" the Defendant's refused to move me to another cell or get me immediate medical treatment.

13.) It is an unoffical policy at the Menard Correctional centers Disciplinary Segregation unit not t. Seperate inmates that are celled together unless they are " Seen fighting" by staff members.

14.) Staff at Menard will not seperate inmates that are celled together even if informed that there is Great tention, Danger, threats of Murder or unseen acts of violence, staff will only seperate inmates if they are "seen fighting"
(9.)

15.) This Policy and staff's reckless indifference for my health and safety is what resulted in my being assaulted and injuried, twice.

16.) I filed multiple grievances about being assaulted.

17.) I wrote multiple letters to Internal affairs, the Warden, North-2 Major Durham, case worker superviser Betsy Spiller and the assistant warden of programs complaining that staff was refusing to move me to another cell dispite my being attacked by my cellmate and I explained the details. I also complained to the Mental health Department.

18.) I complained in my letters that my grievances were not being addressed dispite my placing them in my cell door and the officer picking them up at mail collection, no-one responded to my letters.

19.) I wrote a letter to the Director of the Illinois State Police in Springfield Illinois, complaining about being assaulted, and complaining that Staff was refusing to take actions to protect me from harm (assault).

(10.)

20.) In my letter to the Director of the Illinois State Police I complained that none of my Grievances were being answered and that I believed that staff was throwing away my grievances in an attempt to prevent me from exhausting my administrative remedies which is necessary to file a suit in Federal Court for damages.

21.) On March 23, 2010 I was interviewed by a member of Menard Correctional Center's "Department of Internal Affairs" regarding the letter that I wrote to the Director of the Illinois State Police.

22.) The investigators name that interviewed me was Brad Thomas #15019.

23.) Investigator Brad Thomas #15019 repeatedly threaten me and called me a trouble maker.

(11.)

24.) Investigator Brad Thomas $^{\#}$ 15019 told me that because I complained that "now not only did I get my ass kicked but that now I was going to be written a Disciplinary report for fighting".

25.) Investigator Brad Thomas $^{\#}$ 15019 wrote my a disciplinary report for fighting in "retaliation" for my complaining about being attacked and assaulted by my cell-mate and complaining about staff's conduct.

26.) On March 31, 2010 I went before the prison's adjustment Committee to hear the Disciplinary report written against me by Brad Thomas $^{\#}$ 15019.

27.) The Members of the adjustment Committee were Ashby, Jack D - chair Person and correctional officer Lee, Tracy K.

28.) Dispite my assistance that I was not involved in a fight but whether that I had been assaulted by my cell-mate and my explaination

(12)

that it was my complaints that sparked the investigation that lead to the discovery of the incident, I was still found guilty of fighting and given 30 days in Disciplinary Segregation.

29.) I was only found guilty of the charge of fighting in an effort to cover-up staff's conduct and to "**Retaliate**" against me for complaining, in violation of my 1st amendment right under the United States Constitution.

30.) Investigator Brad Thomas #15019 and Adjustment Committee members Jack D. Ashby and Tracy K. Lee conspired to, and did, retaliate against me for protecting my right to petition the government for a redress of grievances and to complain about mistreatment, in violation of my 1st amendment.

31.) Correctional officers Lawhead, Drake, Salsa and **Purdem** each acted with a Reckless and deliberate indifference for my health and Safety when they refused to

(13.)

move me to another cell dispite my cell-mates known history of mental illness and his violent history of attacking his cell-mates and my repeated insistance that I had been violently attacked by my cellmate on December 12, 2009 and my constant complaints of concerns for my safety and well-being. which violated my 8th amendment right under the U.S constitution which protects against ~~cruel~~ cruel and unusual punishment.

32.) Correctional officers Salsa, Drake, Lawhead and Purdem each failed to protect me from a "Known danger" which resulted in me being attacked by my cellmate again on January 5, 2010 resulted in multiple injuries to my person including a Black eye, swollen Jaw, scratches to my face and neck and a huge, deep bite to my shoulder which broke the skin. I continue to suffer both pain in my body and mind as a result of being attacked.

(14.)

33.) each of the Defendants are sued in their Individual Capacity.

34.) each Defendant, while acting under the colors of state, violated my constitutional rights which are secured to me by the U.S Constitution, those being my 1st and 8th amendments respectfully.

35.) As a direct and approximate results of the Defendants actions, I was caused great injury, pain and suffering to both my Mind and body. and will continue to suffer so in the future.

36.) I have attached copies of the institutional grievances that I have attempted to file regarding my claims, I have also attached copies of affidavits from other inmates stating that their grievances filed in Menard have also never been responded to because of staffs attempt to prevent inmates from exhausting their administrative remedies as required by the PLRA.

(15.)

## V. REQUEST FOR RELIEF

State exactly what you want the Court to do for you. If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

I would like compensatory damages in excess of
#50,000 for physical and emotional injuries, pain and
suffering. I would also be requesting punitive damages
in a amount double any punitive damages awarded against
employees at the menard correctional center for any previous
incident similar to my claim or in excess of $50,000
which ever is greater and and other award that the
Court feels is just.

## VI. JURY DEMAND *(check one box below)*

The plaintiff does ☒    does not ☐    request a trial by jury. *(See Fed.R.Civ.P. 38.)*

### DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned, certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

The plaintiff hereby requests the Court issue all appropriate service and/or notices to the defendant(s).

Signed this __1__ day of __July__, 20__10__.

_Hilton Lloyd Keller_
Signature of Plaintiff

_____
Signature of attorney, if any

620 - (16.)

Jun 8, 2010    8:02 AM