IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| OSBALDO JOSE-NICOLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 0964 |
| | ) | |
| NATHAN BERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | Hon. Nancy J. Rosenstengel |

**PLAINTIFF'S PETITION FOR ATTORNEYS' FEES AND BILL OF COSTS**

NOW COMES Plaintiff, OSBALDO JOSE-NICOLAS, by his attorneys, LOEVY & LOEVY, and respectfully petitions the Court for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d)(1), stating in support as follows:

**INTRODUCTION**

In February of 2015, Plaintiff was gratuitously beaten by Correctional Officers at Menard Correctional Center, and thereafter denied adequate medical care. Even by the Officers own admissions, Plaintiff did nothing to warrant any amount of force, let alone force that culminated in him being beaten and kicked by Defendant Qualls while handcuffed and laying helpless on a shower floor. Following the beating, Plaintiff was dragged to segregation and examined, through the bars of a cage and while he lay in pain on the floor, by Defendant Lang who laughed about his injuries, took no steps to help him, and said he was just "looking for a lawsuit" when he reported what had just occurred. Defendants did not take Plaintiff, a Spanish-speaking inmate, seriously and indicated so throughout discovery and settlement discussions that Plaintiff had little chance of prevailing at trial.

Arthur Loevy, a Senior Partner at Loevy & Loevy, was appointed to represent Plaintiff Osbaldo Jose-Nicolas as an indigent *pro se* prisoner on October 9, 2015. *See* Dkt. 10. As demonstrated by the verdict in this matter, the attorneys at Loevy & Loevy took their appointment very seriously. Plaintiff's counsel successfully created a strong record during the discovery period, beat back a dispositive motion, and successfully conveyed to a jury that an inmate's constitutional rights mattered greatly. Following the three-day jury trial, judgment was entered against Defendant Qualls on Plaintiff's claim of excessive force for a violent and unprovoked beating; and against Defendants Berry, Qualls, and Snell on Plaintiff's claim of failure to intervene in Defendant Qualls' use of excessive force; and against Defendants Berry, Qualls, and Lang on Plaintiff's claims of deliberate indifference and willful and wanton conduct for their failure to ensure adequate medical to Plaintiff following the brutal use of force. *See* Dkt. 207. As a result, Mr. Nicolas was awarded a judgment totaling $251,100. *Id*. The high amount of this judgment was in no small part due to the specialized expertise and dedication of Plaintiff's attorneys from Loevy & Loevy. In light of the success achieved, Plaintiff's lawyers are entitled under federal law to now recover their reasonable attorneys' fees and costs for the services that they provided. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

## ARGUMENT

### I.   Legal Standard

Attorneys' fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate. *Hensley* 461 U.S. at 433; *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This is referred to as the "lodestar" amount and is considered the presumptively appropriate fee award. *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) (the "strong presumption that the lodestar figure . . . represents a reasonable fee is wholly consistent with the rationale behind [Section

1988]"). When litigation of a § 1983 case leads to "excellent results," the plaintiff's attorney "should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435.

Here, the Prison Litigation Reform Act (hereinafter the "PLRA") sets forth requirements that apply to awards under § 1988. 42 U.S.C. § 1997e *et seq*. The PLRA requires that "[n]o award of attorneys' fees [ ] shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." 42 U.S.C.A. § 1997e(d)(3); *see also Mays v. Springborn*, 01-CV-1254, 2014 WL 12730575, at *5 (C.D.Ill. Nov. 6, 2014) (citing *Perez v. Cate*, 632, F.3d 553, 554 (9th Cir. 2011). *See also* http://www.uscourts.gov/sites/default/files/fy_2018_congressional_budget_summary_0.pdf. Further, the PLRA requires that when monetary relief is awarded, the fees attributable to that relief cannot exceed 150% of the damages. *Wilson-El v. Mutayoba*, 12-CV203-NJR-DGW, 2015 WL 1944000, at *1 (S.D.Ill. Apr. 29, 2015) (citing *Johnson v. Daley,* 339 F.3d 582, 583 (7th Cir. 2003)).

## II. Plaintiff's Attorneys Should Be Awarded Their Full Lodestar

The threshold question for fee shifting in a civil rights case is whether the plaintiff has attained "prevailing party" status. *Hensley*, 461 U.S. at 433. Here, there can be no dispute that Plaintiff is the prevailing party and the result he achieved at trial is outstanding. Dkt. 207. *See also Mays*, 2014 WL 12730575, at *5 ("Here, Plaintiff recovered $12,500 total in damages, and thus is a prevailing party under the PLRA, as a plaintiff "achieves 'prevailing party' status by recovering *any* judgment, even for nominal damages.'") (citing *Johnson*, 339 F.3d at 587) (emphasis in original)).

Once the plaintiff is determined to be the prevailing party, as Plaintiff is here, the court must assess the appropriate fees. "The most useful starting point in determining the amount of a

reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services." *Hensley*, 461 U.S. at 433; *Blum*, 465 U.S. at 888 ("The initial estimate of a reasonable attorneys' fee is properly calculated by multiplying the number of hours reasonably expended . . . times a reasonable hourly rate.").

      a. **The Hours Expended Litigating This Case Through A Jury Trial Were Reasonable And Should Be Approved**

In order to win, as they did, Plaintiff's firm litigated this case through trial aggressively and thoroughly. *See* Group Exhibit E (Timesheets). Early in the litigation, Plaintiff's counsel amended the complaint and beat back a motion to dismiss. Plaintiff's counsel then took reasonable steps not to expend unnecessary hours during discovery. For example, Plaintiff's counsel agreed to limit the number of depositions in the matter to 14 (exceeding the number allotted in Federal Rule of Civil Procedure 30 by only 4), and further agreed to limit the length of the depositions in order to schedule at least two depositions per day. Plaintiff's counsel also agreed to take many of the depositions by video conference, an option that greatly reduced the amount of travel time and expense that would have been billed to the case.

Plaintiff's counsel did put forth considerable time in order to prepare for—and win—at trial; however, counsel used the time to prepare and charted a course to secure victory for Mr. Nicolas. Accordingly, the time billed by Plaintiff's attorneys represents a necessary and reasonable use of time. *See Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012) ("[The defendant] knew (approximately) what it was up against and proceeded to trial, without an offer of judgment or any concession of liability. [The defendant] tested its luck and lost. Now it must pay for the attorney hours reasonably required to see the case through trial, to appeal, and for the collection of fees."). In total Plaintiff's counsels' law firm expended 728 hours to litigate this

case, including paralegal time which was necessary for communication with the Spanish-speaking client and indispensable at an out-of-town trial. The total number of hours is reasonable and should be approved in full.

To provide this Court additional context, Plaintiff's counsel submits other cases where Loevy & Loevy's fee submissions were found reasonable and approved at a high percentage of the fees sought:

- *Garcia v. City of Chicago*, No. 01 c 8945, 2003 WL 22175620 (N.D. Ill. Sept. 19, 2003) (overruling virtually line-by-line objections for approval of all but 2.5 hours in a 2000+ hour fee petition);

- *Kunz v. City of Chicago*, No. 01 c 1753, 2008 WL 4876813, *2 (N.D. Ill. Aug. 14, 2008) (approving the entire fee petition of slightly more than 2,000 hours without striking a single hour); *id.* ("The case was vigorously and expensively defended, and the settlement offer that was made case after much had been spent to litigate the case. . ..");

- *White v. McKinley*, No.05-0203, 2009 WL 813001 (W.D. Mo. Mar. 26, 2009) (in wrongful conviction case resulting in successful jury verdict, court approved every one of 1,400 hours overruling every objection);

- *Medina v. City of Chicago*, No. 00 c 1, 2001 WL 1104600 (N.D. Ill. Sept. 14, 2001) (in an excessive force case that settled before trial, the court struck 1.75 hours from the entire fee petition);

- *Warfield v. City of Chicago*, No. 05 cv 3712, 733 F.Supp.2d 950 (N.D. Ill. Aug. 17, 2010 (approving all but minimal reductions).

- *Fox v. Barnes, No.* 09-C- 5453, 2013 WL 4401802 (N.D. Ill. Aug. 15, 2013)  (approving 100% of fees requested)

- *Holmes v. Slay,* No. 4:12-cv-2333, 2017 WL 994473 (E.D. Mo. Mar. 15, 2017) (approving 95% of fees requested).

These cases demonstrate Loevy & Loevy's track record of judicial approval of fee petitions as reasonable and justified. Plaintiff respectfully submits that this petition should be no different.

5

### b. Plaintiff's Attorneys' Hourly Rates Are Reasonable

The PLRA dictates that "[n]o award of attorneys' fees [ ] shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." 42 U.S.C.A. § 1997e(d)(3). Notably, however, FY 2018 Congressional Budge Summary reports, "[t]he requested funding [from the Judiciary] supports a $6 hourly wage rate increase above the cost-of-living adjustment (COLA), from 135 to 141 per hour, for non-capital panel attorney cases in FY 2018." *See* http://www.uscourts.gov/sites/default/files/fy_2018_congressional_budget_summary_0.pdf. Thus, using the authorized rate and the calculations pursuant to § 1997e(d)(3), the hourly rate afforded under the PLRA is $221.50. *See Hadix v. Johnson*, 398 F.3d 863, 866-68 (6th Cir. 2005)[1]; *Perez v. Cate*, 632 F.3d 553, 555 (9th Cir. 2011); *Webb v. Ada Cnty.*, 285 F.3d 829, 838-39 (9th Cir. 2002); *Carruthers v. Israel*, 274 F. Supp. 3d 1345, 1353 (S.D. Fla. 2017); *Duvall v. O'Malley*, ELH-94-2541, 2016 WL 3523682, *14 (D. Md. June 28, 2016); *Hudson v. Dennehy*, 568 F.Supp.2d 125, 133 (D. Mass. 2008); *Laube v. Allen*, 506 F.Supp.2d 969, 987 (M.D. Ala.

---

[1] The Sixth Circuit explained its reasoning as follows:

> " While congressional appropriations may place a practical limitation on the amount actually paid to court-appointed counsel, there is no language in § 3006A that expressly limits the Judicial Conference's discretion to set rates based on budgetary constraints. If Congress had wanted attorney fees under the PLRA to be based on the amount of money budgeted for payment of court-appointed counsel, it could easily have used such language rather than cross-referencing § 3006A.
>
> Moreover, in the absence of express statutory language, there is no inherent reason why attorney fees under the PLRA should be limited by the amount budgeted to pay court-appointed counsel under the CJA. Attorney fee awards in prisoner civil rights litigation are paid from the pockets of unsuccessful defendants whether they be private individuals or government entities; such fees are not paid from funds set aside by Congress to compensate court-appointed counsel under the CJA. There is no logical reason to limit fee awards in such cases to the amount of money set aside to fund the CJA.

*Hadix*, 398 F.3d at 867 (6th Cir. 2005).

Aug. 31, 2007); *Batchelder v. Geary*, C-71-02017, 2007 WL 2427989, *5-6 (N.D. Cal., Aug. 22, 2007). Applying the authorized rate as noted above, and as demonstrated by prior adjudicated rates and counsel's experience, the maximum amount of $221.50 per hour is reasonable for each of Plaintiff's attorneys. *See* Group Exhibit F (Declarations).

Attorney Julie Goodwin graduated from The John Marshall Law School in 2008 and, in her ten years of practice, has gained tremendous litigation experience at Loevy & Loevy where she focuses exclusively on civil rights litigation. Attorney Goodwin handles all aspects of discovery, motion practice, and has obtained numerous favorable verdicts and settlements on behalf of Loevy & Loevy clients. Her experience far exceeds that of other attorneys with the same years of experience at most other firms and justifies the last adjudicated billable rate of $375 per hour, as most recently determined by Judge Durkin in *Awalt v. Marketti*, 11 C 6142 (N.D. Ill.) in 2018. The maximum hourly rate of $221.50 is thereby more than appropriate for Attorney Goodwin for her work throughout all discovery matters, dispositive motion briefing, and trial in this matter.

Attorney Sarah Grady graduated from Northwestern Pritzker School of Law in 2012. After a clerkship with Judge Kennelly, Grady joined Loevy & Loevy and has focused exclusively on prisoners' rights litigation. In doing so, she has participated in all aspects of litigation and has obtained favorable verdicts and settlements on behalf of the firm's clients. Attorney Grady is already recognized as an expert in prisoners' rights litigation and has published on given presentations on the myriad of issues arising in this complex area of the law. Attorney Grady's last adjudicated rate of $315 per hour by Judge Durkin in *Awalt v. Marketti*, 11 C 6142 (N.D. Ill.) in 2018 is more than justified, as is the maximum amount of $221.50 per hour in this matter.

Attorney Adair Crosley joined Loevy & Loevy in 2018 and has been working exclusively on prisoners' rights litigation. Prior to her joining Loevy & Loevy, Crosley gained invaluable courtroom experience as an assistant public defender in Cook County for nearly six years. Prior to that, Crosley was an Associate at Skadden, Arps, Slate, Meagher & Flom in Chicago. She graduated *cum laude* from Northwestern Pritzker School of Law in 2010. Her credentials and experience warrant an hourly rate of $221.50 as provided by the PLRA.

Additionally, Plaintiff seeks an hourly rate of $125 per hour for the 4 paralegals who committed time to this case (Monica Fuentes, Ben O'Leary, Andrew Garden, Samantha Asofsky). Courts in the Northern District of Illinois have awarded a $125 per hour rate to Plaintiff's counsel's paralegals. *See Awalt v. Marketti*, 11 C 6142 (N.D. Ill.).; *Fields v. City of Chicago*, 2018 WL 253716, at *5 (N.D. Ill. Jan. 1, 2018); *Jimenez*, 2012 WL 5512266, at *5. In addition, Plaintiff seeks an hourly rate of $150 per hour for paralegal Valarie Barajas who attended trial and was a critical component of Plaintiff's trial team. Ms. Barajas is a native Spanish speaker and was essential when communicating with Plaintiff on complex legal matters, assisting in preparing Plaintiff for his role at trial, as well as assisting the attorneys with trial-related tasks. The rate sought for Ms. Barajas comports with the requirements of the PLRA and there is no reason to depart from that amount in this matter.

      c. **Plaintiff's Counsels' Lodestar Comports with the PLRA**

Plaintiff's counsel, collectively, have expended 563 hours on this litigation, and paralegals at Loevy & Loevy expended 165 hours. *See* Group Exhibit E (Time Sheets). Considering the applicable rules and law, Plaintiff's counsels' lodestar amount calculates to $149,125.75. The maximum amount of attorneys' fees permitted in this case, pursuant to the PLRA, is 150 percent of $251,100, or $376,650. 42 U.S.C. § 1997e(d)(2). Because Plaintiff's

lodestar is less than the maximum amount allowable under the PLRA, the amount of fees claimed comports with the PLRA and there is no legitimate basis to reduce that amount. *Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

### III.     Plaintiff's Bill of Costs is Reasonable

Pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988, Plaintiff, as the prevailing party, is entitled to seek reimbursement of costs associated with this litigation. Plaintiff's appointed counsel incurred $17,350 in out-of-pocket billable costs in the litigation of this case. *See* Exhibit A (Costs Sheet). The costs sought in this petition are reasonable and should be approved. *See Akbar v. Fairman*, 788 F.2d 1273, 1279 (7th Cir. 1986) ("Section 1988 ... seeks to shift the costs of the winning party's lawyer (in cases within the intended scope of the Act) to the losing party; and that cost includes the out-of-pocket expenses for which lawyers normally bill their clients separately, as well as fees for lawyer effort.") (internal citation omitted).

By way of summary, and as set forth in the attached Exhibits A, B, C, and D, Plaintiffs seek costs for deposition related expenses, courier services, travel expenses for Plaintiff's deposition and trial-related preparation, legal research, contract attorney assistance, and copy costs. *See Heiar v. Crawford County*, 746 F.2d 1190, 1203 (7th Cir. 1984) (costs such as those associated with "postage, long-distance calls, xeroxing, travel, paralegal, and expert witnesses" are recoverable); *see also Burda v. M. Ecker Co.*, 2 F.3d 769, 778 (7th Cir. 1993) (amounts spent on filing fees, photocopying, postage, telephone and delivery charges, and computerized legal research are typically recoverable by a prevailing party).

## CONCLUSION

For all of the reasons stated herein, Plaintiff respectfully requests that this Court award Plaintiff's counsel its attorneys' fees in the amount of 149,125.75 and costs in the amount of 17,350 for a total amount of $166,475.75.

Dated:      October 25, 2018                                    Respectfully Submitted,

/s/ Julie M. Goodwin
*Counsel for Plaintiff*

Arthur Loevy
Jon Loevy
Julie Goodwin
Sarah Grady
Adair Crosley
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
julie@loevy.com

## CERTIFICATE OF SERVICE

I, Julie Goodwin, an attorney, hereby certify that I served the foregoing Plaintiff's Petition for Attorneys' Fees and Bill of Costs on all counsel of record via the Court's CM / ECF filing system on October 26, 2018.

/s/ Julie M. Goodwin